Travis *v.* Railroad.

DIGGS TRAVIS *v.* L. & N. R. R. Co.

It is not error for the court to refuse to grant a jury to try a cause where the jury has not been demanded in the pleadings, upon an affidavit that two dockets are not kept and the act had not heretofore been enforced. If a jury is not demanded in the pleadings it shall be conclusively held to be an agreement to try withot a jury, and the failure of the clerk to keep two dockets is no part of the agreement and cannot impair the operation of the statute.

FROM HENRY.

Appeal in error from the Circuit Court of Henry county. C. ADEN, J.

J. N. Thomason for Travis.

Cole & Sweeney for Railroad Company.

Deaderick, C. J., delivered the opinion of the court.

Plaintiff brought suit in December, 1878, in the circuit court of Henry county, against defendant for injuries sustained by being run over by a train on its road. The case was tried by the court without a jury, and judgment rendered for defendant, from which plaintiff has appealed in error to this court.

It is here insisted, as error, that the court refused to grant a jury for the trial of the cause upon the application and affidavit of plaintiff. The affidavit states that the act of 1875, as he is informed and believes, has not heretofore been enforced, and the cause is docketed on the same docket heretofore in use. The pleadings were made up at the January term, 1879, and a jury had not been demanded by either party. The application for a jury was made by plaintiff, at May term, 1880.

The act of 1875 requires, where suits are originally instituted in courts of record, that the party demanding a jury, shall do so in his first pleading, and upon failure to do so, it shall be conclusively held to be an agreement to try without a jury. The clerk is required to keep two dockets, and ought to do so in compliance with the directions of the statute. But it is the failure to demand a jury by either party, that is conclusively held to be an agreement to try without a jury, and the failure of the clerk to keep the

two dockets, is no part of such agreement, and cannot impair the operation of the statute in respect to the jurisdiction of the court to try the case.

We have held this act to be valid in a number of cases. There was, therefore, no error in the ruling of the court on this point.

It appears that the engineer in charge of the train at the time of the accident, is dead. Plaintiff was injured some 10 or 12 miles from Paris, at about 9 o'clock at night, and was brought to Paris for surgical treatment. Two or three hours after the return of plaintiff to Paris, it is said the engineer, in presence of the plaintiff and others, stated that he did not see plaintiff until he was struck by the locomotive. This evidence was objected to and excluded by the court.

There was no error in this. It certainly was not a part of the *res gestæ*, but a narrative of what had transpired, at a different time and place. Nor was it admissible as an admission or declaration by defendant. So, in no aspect of the case was proof of what the engineer, at that time said, evidence against the defendant.

There is evidence showing that the plaintiff went to sleep with his leg upon the rail of the track, probably drunk, lying in such a position as to escape observation until the train was within about 70 feet of him, although the engineer was upon the lookout, and that as soon as he was discovered, the alarm was sounded, breaks put down, and every effort made to stop the train, which it was impossible to do, until it

had passed over the leg of plaintiff, and so mangled it as to necessitate amputation.

It is evident his own recklessness occasioned the injury, and the judgment was correct and will be affirmed.