**William Robert WESTMORELAND, Plaintiff-Appellee,**

v.

**MEMPHIS TRANSIT COMPANY, Defendant-Appellant.**

No. 14860.

United States Court of Appeals
Sixth Circuit.
June 29, 1962.

Elmore Holmes, III, Memphis, Tenn. (Emmett W. Braden, Memphis, Tenn., on the brief; Armstrong, McCadden, Allen, Braden & Goodman, Memphis, Tenn., of counsel), for appellant.

Wilbur C. Ruleman, Jr., Memphis, Tenn., for appellee.

Before MILLER, Chief Judge, and CECIL and WEICK, Circuit Judges.

PER CURIAM.

This is a personal injury case in which the jury returned a verdict in favor of plaintiff. In appealing from the judgment entered on the verdict, defendant raises six questions which relate principally to matters of evidence and the court's instructions to the jury.

The accident happened at a street intersection where the traffic was controlled by an overhead traffic signal light.

The parties were proceeding in opposite directions and a collision occurred when plaintiff made a left turn at the

intersection and his truck was struck by defendant's bus. The facts in the case were sharply in dispute.

Plaintiff testified that he entered the intersection on the green light in the lane nearest the center line of the street and brought his truck to a stop. When the light changed to red for the bus, plaintiff turned to the left in order to proceed south on the intersecting street; that he thought defendant would stop its bus in obedience to the red signal light.

■ The bus driver and a passenger on the bus testified that the signal light was green for the bus when it entered the intersection.

A police officer was called by plaintiff and he testified, over defendant's objection, to a conversation with its bus driver after the accident and at the scene in which the bus driver stated that the bus entered the intersection on the "yellow, caution light." It is claimed that the admission of this evidence to prove plaintiff's case was prejudicial error.

The alleged conversation was hearsay evidence. It was not part of the res gestae. It was error for the trial judge to admit the conversation in evidence. Frank v. Wright, 140 Tenn. 535, 205 S. W. 434; Travis v. Louisville & N. R. R. Co., 77 Tenn. 231; Gulf Refining Co. v. Frazier, 15 Tenn.App. 662.

In our judgment, however, the error was not prejudicial for two reasons. First, under the Tennessee law, it was permissible for the bus to enter the intersection under the yellow or caution signal light. Section 59–810(b) 1 Tennessee Code Annotated. Second, Arthur Fracchia, a witness called by plaintiff, who was driving his car in the same direction as plaintiff, testified that as plaintiff "pulled off to make his turn I saw the light change from green to yellow." The conversation objected to was merely cumulative to this evidence.

■ The court instructed the jury that the violation by either plaintiff or the bus driver of a statute or ordinance was negligence per se.

One of the statutes read to the jury by the court was Section 59–858(a) of the Code of Tennessee, on the subject of reckless driving, which is as follows:

"Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

Defendant contends that there was no evidence in the record of wanton or wilful misconduct and that the court's definition of these words was inaccurate and misleading.

We agree with defendant that there is no evidence in the record tending to prove wanton or wilful misconduct and that it was error for the court to read the statute to the jury. In our opinion, the error was harmless. The court instructed the jury that proximate contributory negligence was a complete defense to the action. There was no charge on punitive damages. Since defendant was not deprived of its defense of contributory negligence and no instruction was given on punitive damages, we do not regard the error as prejudicial.

■ Defendant did not object to the instruction on the ground that the definition of the words "wanton" or "wilful" was inaccurate and misleading or bring the matter to the attention of the trial judge so that he would have the opportunity to correct it if he so desired. Under the circumstances, the point may not be presented here. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.; McPherson v. Hoffman, 275 F.2d 466 (C.A. 6); Moore v. Stephens, 271 F.2d 119 (C.A. 6).

■ We think that under the evidence in this case the question of plaintiff's contributory negligence was for the jury to determine and the court did not err in submitting it to the jury.

■ It was not error to refuse the special instructions requested by defendant as the subjects included therein were amply covered by the trial judge in his general charge to the jury. Puggioni v. Luckenbach Steamship Co., 286 F.2d

340 (C.A. 2); City of Knoxville, Tenn. v. Bailey, 222 F.2d 520 (C.A. 6); Erie R. R. Co. v. Lade, 209 F.2d 948 (C.A. 6).

The judgment is affirmed.