**Carl H. TEMBLADOR, Appellant,**

v.

**HAMBURG–AMERICAN LINES,
a corporation, Appellee.**

No. 20896.

United States Court of Appeals
Ninth Circuit.

Oct. 21, 1966.

John T. McTernan of Margolis & McTernan, Los Angeles, Cal., for appellant.

Robert Sikes, of Sikes, Pinney & Matthew, Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges and POWELL, District Judge.

BARNES, Circuit Judge:

This is an appeal from the United States District Court for the Southern District of California, Central Division. Judgment was entered on the verdict and plaintiff appeals. Jurisdiction of the district court was based on diversity of citizenship, 28 U.S.C. § 1332. This court has jurisdiction of the appeal under 28 U.S.C. § 1291.

Appellant was employed by Crescent Wharf and Warehouse Company (hereinafter "Crescent"). Crescent was employed by the appellee to load its ship, the SS Vogtland. In loading the No. 5 hold of the vessel, the first cargo to go in was some bags of celite. Sacks of black sand were to be piled on top, but the bags of celite did not provide stable footing for the workers, which made it necessary to lay some kind of flooring. The dunnage (scrap lumber) used to make this flooring was of poor quality and not uniform in size. The boards were spread in a single layer directly over the sacks of celite.

Appellant and another member of his work gang were assigned the job of throwing the sacks of black sand into stacking position from the pallets (used to sling the black sand into the hold from the dock). The sacks weighed between 50 and 150 pounds each. While throwing

one of the sacks, appellant says his foot became caught and jerked him back. He felt pain in his lower back and had to stop work. He did not observe if it was the poor quality of the flooring which caused his foot to get caught.

Plaintiff sued the owner of the vessel on two grounds, negligence and unseaworthiness of the vessel. The negligence claim was voluntarily dismissed, so the only question in the case as it went to the jury was whether the vessel was seaworthy.

The verdict was for the appellee, and the plaintiff has appealed. As error he specifies four proposed jury instructions, three of which were refused and one of which was given.

### A. *The Instruction on Nondelegability.*

Plaintiff requested that the court below give an instruction to the effect that the obligation of a shipowner to provide a seaworthy vessel cannot be delegated to a third party. The requested instruction was refused.

Counsel cites to us many cases and authorities to the effect that his proffered instruction was an accurate statement of the law. We need not decide whether it was or was not. The trial court's basis for refusal was that it was repetitious. (R.T. 165.) A study of the record indicates it was clearly redundant. The court had already given instructions that:

> "[T]he shipowner or operator is liable for all injuries and consequent damage proximately caused by an unseaworthy condition existing at any time, even though the owner or operator may have exercised due care under the circumstances and may have had no notice or knowledge of the unseaworthy condition which proximately caused the damage." (R.T. 154–55.)

Telling the jury that the shipowner remained liable for the unseaworthy condition of the vessel at any time is the equivalent of telling them that he cannot absolve himself of liability by delegation.

■ There is no obligation on the trial court to give instructions which are redundant. Westmoreland v. Memphis Transit Co., 305 F.2d 71 (6th Cir. 1962). "Once the judge has made an accurate and correct charge, the extent of its amplification must rest largely in his discretion. The trial judge, in light of the whole trial and with the jury before him may feel that to repeat the same words would make them no more clear, and to indulge in variations of statement might well confuse." United States v. Bayer, 331 U.S. 532, 536, 67 S.Ct. 1394, 1396, 91 L.Ed. 1654 (1947).

### B. *The Instructions on Concurrent and Contributory Negligence.*

■ The instruction to the effect that the plaintiff should have judgment if the injuries were caused to any extent by unseaworthiness was also made unnecessary by the quoted instruction. It should be noted that prior to the charging of the jury the claim for recovery for negligence had been dropped by the plaintiff. The negligence of persons other than the plaintiff was not in issue. No argument was made to the jury concerning the negligence of any person other than the plaintiff. Since the only ground for recovery was unseaworthiness, and the negligence of third parties was not in issue, it was sufficient to say, as in the quoted instruction, that the owner or operator is liable for unseaworthiness irrespective of any negligence on his part.

■■ As for the proposed instruction on contributory negligence, the trial court's instructions were adequate. The proposed instruction would have told the jury that contributory negligence must be judged by the conduct of the plaintiff and no one else. To support this instruction, appellant argues that the fellow servant rule is not the law in admiralty. Without reservation we accept this as an accurate statement of the law. Mahnich v. Southern S.S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944). The proposed instruction was not inaccurate, it was unnecessary. The only negligence in issue was that of the plaintiff. Defendant's counsel argued to the jury that plaintiff's negligence alone caused the

accident, in accordance with his assurances to the court. The court's instructions left no doubt that it was no one's negligence but the plaintiff's which was in issue. (R.T. 153, 162.)

 Assuming, arguendo, it was error for the court to fail to give the requested instruction, the appellant has shown no harm resulting from it. The court clearly instructed the jury that in admiralty cases contributory negligence does not defeat the claim. (R.T. 156–57.) Yet the jury found for the defendant. The only reasonable conclusion is that the jury found that the plaintiff had not sustained his burden of proving unseaworthiness. This being so, the issue of contributory negligence would not have been reached by the jury. In such a situation, of course, the error complained of, were it error, would be harmless.

### C. *The Instruction on Inherent Occupational Risk.*

Over the objection of the plaintiff, an instruction, requested by the defendant, was given charging:

"As you have been instructed, a longshoreman does not assume the risk of injury from negligence of another, or unseaworthiness of the vessel or its appliances. However, in nearly every occupation there is some *inherent* and *unavoidable risk* which does not arise out of unseaworthiness. A longshoreman must assume these risks when he enters upon his calling and he may not recover for injuries resulting solely therefrom." (R.T. 155 as corrected at 171, emphasis added.)

 Appellant properly does not challenge the legal accuracy of this instruction. Boudoin v. Lykes Bros. SS Co., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955). See also Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). He specifies it as error because, he argues, it is inapplicable to the present case. He is correct in saying that a longshoreman does not assume the risk of unseaworthiness. Manich v. Southern S.S. Co., supra. The instruction, however, does not charge

that there was any such assumption. It deals only with a risk "which does not arise out of unseaworthiness." The instruction clearly stated, "a longshoreman does not assume the risk of injury from negligence of another, or unseaworthiness of the vessel or its appliances." (R.T. 155.)

 Whether or not this instruction was necessary to the case we need not decide. To sustain his assertion that it was reversible error, appellant makes a statement that it was prejudicial. From the tenor of his argument, we deduce that appellant claims that the jury was induced into thinking that the appellant had assumed the risk of unseaworthiness. Such a position is untenable, however, because the instruction plainly stated the contrary.

The judgment is affirmed.