UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30135
SUMMARY CALENDAR
_____

VINCE E. WHEAT,

Plaintiff-Appellant-Cross-Appellee,

V.

R&B FALCON WORKOVER COMPANY, ET AL.

Defendants,

COMANCHE BOAT RENTAL, INC.

Defendant-Appellee-Cross-Appellant.

_____

_

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA
(NO. 98-3059)

_____

_
December 20, 2001
Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges

REYNALDO G. GARZA, Circuit Judge:[1]

_____

[1] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Appellant Vince E. Wheat is a former galley-hand seeking recovery for personal injury damages from Defendant Comanche Boat Rental, Inc. (Comanche).  His injuries were sustained while employed by R&B Falcon Workover, Inc.  After finishing his shift on February 25, 1998, Wheat and several coworkers were on board a crewboat returning them from a work shift to the Myette Point dock.

The Myette Point dock is frequently used for crew changes.  Usually, the crewboats dock next to a small spud barge located at the dock.  Upon arriving at the dock this time, the M/V COMANCHE's captain, Freddie Naquin, discovered that the M/V JOYCE ELAINE and its tow blocked access to the small spud barge.  The captain was unable to gain access directly to the spud barge and instead tied off the deck barge.  The disembarking passengers could exit either by crossing the deck barge to the spud barge or walking the across the deck to the raked bow of the deck barge and exiting off the barge onto the Myette Point dock, which consisted of a shell surface.  Most passengers opted for the latter route.  Though Plaintiff alleges that he had to jump four to five feet from the barge to reach the landing, no other witness estimated the height difference at more than one-half to two feet.

When Plaintiff exited onto the shell dock, he was carrying sixty to seventy pounds of baggage.  Rather than setting this baggage down on the surface and sliding down to the landing, he jumped down carrying his full load, twisting his ankle in the process.  Plaintiff subsequently alleged that he suffered permanent and disabling injuries to his left ankle and lower back as a result of the accident.  Plaintiff, it should be noted, also injured his back while lifting a waterbed on October 15, 1999. It was after this incident that Plaintiff's back really started hurting.

Plaintiff brought suit against his Jones Act employer and then added the dock lessor/ operator (Hunt Oil Company), the owners/ operators of the M/V JOYCE ELAINE (Lange Towing Company), and the owners/ operators of the M/V COMANCHE. Before trial, the Plaintiff settled with Falcon for $7,500 and with Lange and Hunt for slightly under $8,000 each. Comanche made a Rule 68 Settlement offer $7,500, which it believed reasonable and commensurate with other offers accepted by Plaintiff. Nevertheless, the Plaintiff rejected the offer and refused to consider any settlement offer of less than $35,000. The district judge, following the recommendation of an advisory jury, found that Comanche was not negligent, but held that each party should bear its own costs.

Having reviewed the record and briefs, we AFFIRM the district court's judgment based on the Memorandum Opinion dated December 20, 2000, attached hereto as Appendix A, and on the Memorandum Opinion of January 19, 2001, attached hereto as Appendix B.

While the district court did not explicitly discuss the application of Federal Rule of Civil Procedure 68, given the wording of the rule, its interpretation by both the Fifth Circuit and the United States Supreme Court, and the mandatory nature its application, we agree with the district court's implicit finding that Rule 68 is inapplicable where the Plaintiff is awarded no damages.

**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**VINCE E. WHEAT**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 98-3059**

**COMANCHE BOAT RENTAL, INC.**                                 **SEC. "B"(2)**


### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This action came for trial by an advisory jury before the undersigned District Judge from December 18-19, 2000.  "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58." Fed.R.Civ.P. 52(a);  *In re Incident Aboard D/B OCEAN KING*, 758 F.2d 1063, 1072 (5th Cir. 1985).

The judge is not bound by the jury's findings, and is free to adopt them in whole or in part or totally disregard them. *Id.* at 1071.  Upon review of the motion, the opposition, the record, and the applicable law, this Court finds the jury's verdict on the issue of liability to be supported by the evidence and findS nothing in the record which urges us to depart from the advisory jury's verdict.  The Court, taking into consideration the findings of the advisory jury, makes the following findings of fact and conclusions of law. To the extent that any findings of fact are conclusions of law, they are adopted as such; to the extent that any conclusions of law are findings of fact, they are so adopted.

### FINDINGS OF FACT

I.

Plaintiff, Vince Wheat, is an individual of the full age of majority domiciled in the Parish of Terrebonne, State of Louisiana.  (Trial Testimony of Vince Wheat)

II.

Defendant, R&B Falcon Drilling USA, Inc. ("Falcon"), a corporation authorized to do and doing business in this state, was the owner and operator of the Falcon Rig 62.  Plaintiff was employed by Falcon and assigned to work as a galleyhand aboard the Falcon Rig 62. (Trial

Testimony of William Kirkpatrick; Trial Testimony of Vince Wheat)

### III.

Defendant, Hunt Oil Company ("Hunt"), a foreign corporation authorized to do and doing business in the State of Louisiana, which at all times pertinent hereto, was the lessee and operator of Myette Point Landing dock where the accident occurred. (Uncontested Issue of Fact).

### IV.

Defendant, Lange Towing, Inc.("Lange"), is a domestic corporation, authorized to do and doing business in the State of Louisiana, which at all times pertinent hereto, was the owner/operator of the M/V JOYCE ELAINE. Lange had an oral contract with Hunt to bring cargo barges to and from Falcon Rig 62. At the time of this accident, the M/V JOYCE ELAINE was pushing the deck barge BB24, the deck barge from which plaintiff stepped before injuring his ankle. (Uncontested Issues of Fact).

### V.

Defendant, Comanche Boat Rental, Inc., ("Commanche") is a Louisiana corporation and is the owner and operator of the M/V COMANCHE, the crewboat which brought plaintiff to Hunt's Myette Point dock from Falcon's Rig 62. (Trial Testimony of Freddie Naquin).

### VI.

The Myette Point Landing was used by Falcon and Hunt Oil to load and unload crews and supplies to support their drilling and oil field activities in the area. (Uncontested Issue of Fact).

### VII.

The Myette Point facility consisted, in pertinent part, of a shell pad, which sloped at an angle down to the water, which allowed raked-bow vessels to pull up and be fairly even with the surface of the shell pad so that they could be easily loaded and unloaded from the shell pad using forklifts and a small mobile crane. (Trial Testimony of Vince Wheat; Trial Testimony of Freddie Naquin; Trial Testimony of William Kirkpatrick).

### VIII.

Also located at Myette Point was a small spud barge that was used as a method of ingress and egress for crew members embarking and disembarking from the crewboats. (Uncontested Issue of Fact; Trial Testimony of Vince Wheat; Trial Testimony of Freddie Naquin; Trial Testimony of William Kirkpatrick).

### IX.

On February 25, 1998, the M/V COMANCHE arrived at Myette Point with passengers from Falcon Rig 62. (Trial Testimony of Vince Wheat; Trial Testimony of Freddie Naquin; Trial Testimony of William Kirkpatrick).

### X.

The captain of the crewboat, Frederick Naquin, found that the M/V JOYCE ELAINE and its tow blocked access to the small spud barge. (Trial Testimony of Vince Wheat; Trial Testimony of Freddie Naquin).

### XI.

Because the water around the stern of the spud barge was too shallow, and contained underwater obstructions, Captain Naquin was unable to gain access directly to the spud barge

and instead tied off to the deck barge BB24.  (Trial Testimony of Freddie Naquin).

XII.

Captain Naquin backed the crewboat into the side of the deck barge and discharged his passengers, including plaintiff, onto the deck barge.   (Trial Testimony of Freddie Naquin).

XIII.

The passengers had the option of crossing the deck barge and gaining access to the spud barge, from which crew changes were normally accomplished.   (Trial Testimony of William Kirkpatrick).

XIV.

However, most of the passengers walked the remaining distance across the deck to the raked bow of the barge BB24 and disembarked off the end of the barge onto the Myette Point dock's shell surface. (Trial Testimony of William Kirkpatrick).

XV.

The plaintiff alleged that he had to jump four-five feet to reach the landing from the barge. (Trial Testimony of Vince Wheat).

XVI.

No other witness supports plaintiff's estimation of the height of the deck barge from the surface of Hunt's dock.  The most any other witness estimates the height of the deck barge to the surface of the shell pad dock is one-half foot to two feet.  (Trial Testimony of William Kirkpatrick; Trial Testimony of Freddie Naquin).

XVII.

Regardless of the height from which the plaintiff had to step, plaintiff caused his own accident. Plaintiff was one of the last crewboat passengers to disembark from the M/V COMANCHE. None of the crewboat passengers before plaintiff, and none of them that disembarked after him, experienced any trouble in getting off of the vessel. (Trial Testimony of William Kirkpatrick).

XVIII.

Plaintiff had the option of crossing the deck barge and accessing the spud barge, the means typically utilized by crewboat passengers for getting onto the Myette Point dock. Instead, he chose to take the quicker way onto the dock by crossing to the end of the BB24 deck barge and stepping off. (Trial Testimony of William Kirkpatrick).

XIX.

Also, plaintiff could have set down his 60-70 lbs. of baggage before stepping down off of the deck barge. (Trial Testimony of William Kirkpatrick; Trial Testimony of Vince Wheat).  In addition, plaintiff could have set down on the surface of the deck barge and slid to the ground feet first. (Trial Testimony of William Kirkpatrick; Trial Testimony of Vince Wheat).  Plaintiff did not pay attention to where he was jumping, but followed what everyone else was doing. (Trial Testimony of Vince Wheat).  However, others, including plaintiff's supervisor, William Kirkpatrick, testified that he set his bags down before disembarking from the edge of the deck barge.  (Trial Testimony of William Kirkpatrick).

XX

Plaintiff has alleged that he stepped into a rut or indentation in the shell pad's surface, which caused him to twist his ankle. (Trial Testimony of Vince Wheat; Trial Testimony of William Kirkpatrick).

## XXI

Plaintiff has alleged that he suffered permanent and disabling injuries to his left ankle and lower back as a result of the accident at issue. (Trial Testimony of Vince Wheat).

## XXII

In addition, on October 15, 1999, plaintiff injured his back lifting a waterbed. He was treated for a lower back strain. Plaintiff testified that it was after this incident that his back "really started hurting." (Trial Testimony of Vince Wheat).

## XXIII

Plaintiff originally brought suit against his Jones Act employer. After continuing the trial setting, plaintiff then added the dock lessor/operator–Hunt, the owners/operators of the M/V JOYCE ELAINE, the vessel which blocked the access to the spud barge at Myette Point typically used for unloading passengers, and the owners/operators of the M/V COMANCHE, the crewboat upon which plaintiff road from Rig 62 to shore. A subsequent settlement disposed of the claims against the defendants Hunt Oil Company, R & B Falcon Drilling USA, Inc., and Lange Towing, Inc.

On the basis of the testimony presented by the plaintiff, the doctors and other witnesses, this Court finds that the defendant was not liable for the injuries sustained by the plaintiff.

## **CONCLUSIONS OF LAW**

### I.

This court has jurisdiction over this proceeding and venue is proper in the Eastern District of Louisiana. 28 U.S.C. § 1333; *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio*, 93 S.Ct. 493, 501 (1972).

### II

It is within the Court's discretion to accept or reject, in whole or in part, the verdict of an advisory jury, under Rule 39(c) of the Federal Rules of Civil Procedure. *Aetna Insurance Co. v. Paddock*, 301 F.2d 807 (5th Cir.1962).

### III

The advisory jury found that Comanche Boat Rental, Inc. was not the legal cause of the injury to plaintiff Vince Wheat

### IV

General negligence principles guide the analysis of a maritime tort case. *See Consolidated Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir.1987), *cert. denied*, 108 S.Ct. 2821 (1988).

To recover on a cause of action based on negligence the plaintiff must prove, by a preponderance of the evidence, that the defendant breached a duty owed to the plaintiff and that this breach was the legal cause of plaintiff's damages. *See Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449 (5th Cir.), *cert denied,* 110 S.Ct. 405 (1989).

### V.

The owner of a ship in navigable waters owes to all who are on board for purposes not inimicable to his legitimate interests the duty of exercising reasonable care under the circumstances of each case. *Kermarec v. Compagnie Generale Transatlantique*, 79 S.Ct. 406, 410 (1959); *Smith v. Southern Gulf Co. No. 2, Inc.,* 791 F.2d 416, 421 (5th Cir.1986); *Tullos v.*

*Resource Drilling, Inc.,* 750 F.2d 380, 385 (5th Cir.1985).

## VI.

The mere happening of an accident does not shift to the defendant, Comanche Boat Rental, Inc., the burden of establishing that the accident did not occur through its negligence, nor does it create a presumption of negligence. On the contrary, the legal presumption is that reasonable care was exercised by the defendant, Comanche. In the absence of negligence there can be no liability. Martin v. United States, 225 F. 2d 945, 948 (C.A. Dist. Of Col. 1955); F.W. Woolworth Co. v. Williams, 41 F. 2d 970, 971 (C.A. Dist. Of Col. 1930); Reid's Branson, Instruction to Juries, Vol. 2, 322; Quintero v. Sinclair Refining Company, 311 F. 2d 217 (5th Cir. 1962); Temblador v. Hamburg American Lines, 368 F. 2d 365 (9th Cir. 1966).

## VII.

By failing to cross the deck of the deck barge and access the spud barge which was normally used to access the Hunt facility dock, plaintiff was negligent and such negligence was the legal cause of plaintiff's injuries.

## VII.

By failing to set his bags down before leaving the vessel, plaintiff was negligent and such negligence was the legal cause of plaintiff's injuries.

## VIII.

By failing to sit down and slide off of the edge of the deck barge instead of jumping, plaintiff was negligent and such negligence was the legal cause of plaintiff's injuries.

## IX

By failing to look where he was jumping, and by failing to see the rut of dimensions three feet long and six inches wide, plaintiff was negligent and such negligence was the legal cause of plaintiff's injuries.

## X

Therefore, plaintiff was the sole cause of his accident, and Comanche is without fault.
For the reasons above,

**IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment in **FAVOR** of Defendant Comanche Boat Rental, Inc. and **AGAINST** Plaintiff Vince Wheat, dismissing plaintiff's complaint with prejudice each party to bear its own costs.

New Orleans, Louisiana, this _____ day of December, 2000.

IVAN. L. R. LEMELLE
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

VINCE E. WHEAT                                    CIVIL
                                                 ACTION

VERSUS                                           NO. 98-3059

COMANCHE BOAT RENTAL, INC.                       SEC. "B"(2)

## ORDER AND REASONS

Before the Court is Defendant Comanche Boat Rental, Inc.'s Motion to Amend Judgment. After a two-day trial before an advisory jury, a verdict was returned in favor of the defendant and this Court adopted the jury's verdict. A judgment was then entered confirming the jury verdict on December 21, 2000 which stated that "each party is to bear its own costs."

Federal Rule of Civil Procedure 54(d) states that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The decision regarding costs is left to the discretion of the district court but Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v.*

*Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) and *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Additionally, this presumption has created the rule that a district court may not disallow a prevailing party's bill of costs without articulating reasons. *Schwarz, supra* and *In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation,* 994 F.2d 956, 962-3 (1st Cir. 1993). The rule has developed such that the prevailing party is prima facie entitled to costs and the losing party bears the burden of overcoming this presumption. *First Commonwealth v. Hibernia Bank*, 891 F.Supp. 290, 301 (E.D. La. 1995). This Court believes that the plaintiff has met this burden.

Rule 54(d) permits the district court to exercise its discretion and refuse to award costs to the prevailing party. *United States of America v. D.K.G. Appaloosas*, 829 F.2d at 532, 539 (5th Cir. 1987); *Schwarz,* 767 F.2d at 131-32. Furthermore, in exceptional circumstances, the district court may actually tax costs against the prevailing party as a sanction. *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir.1990).

This Court finds no reason to amend or alter its judgment in light of the fact that defendant and/or their counsel's pre-trial tactics were demeaning and abusive. Baseless threats of Rule 11 sanctions during settlement discussions and condescending evaluations of medical causation evidence are not to be rewarded. While agreeing with the jury's findings on liability issues, there was sufficient evidence for reasonable minds to differ on that latter point as well as on the extent to which the plaintiff's injuries were caused by the sued upon casualty. Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to amend judgment is

**DENIED**.

New Orleans, Louisiana, this _____ day of January 2001.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE
