Hardy DOTSON, III and Dorothy M. Dotson, et al., Plaintiffs-Appellees,

v.

CLARK EQUIPMENT COMPANY, Defendant-Appellant.

No. 86–4543
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 15, 1986.

Jesse D. McDonald, Hudson, Potts & Bernstein, Gordon L. James, Monroe, La., for defendant-appellant.

Alex F. Smith, Jr., Shreveport, La., for intervenor-Employers Ins. of Wausau.

H. Alva Brumfield, III, William P. Brumfield, Baton Rouge, La., Edward J. Hennessy & Associates, Nicholas E. Zito, Houston, Tex., for plaintiffs-appellees.

Before REAVLEY, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

In this Louisiana products liability case, the plaintiff Hardy Dotson obtained a jury verdict against Clark Equipment Co. Following trial, the district court granted Clark a judgment n.o.v., which a panel of this Court then reversed on appeal. *See Dotson v. Clark Equipment Co.*, 783 F.2d 586 (5th Cir.1986). On remand, the district court denied Clark's motion for a new trial and Clark now appeals. Finding Clark's contentions unpersuasive, we affirm.

## I.

The facts as reported in our earlier decision are as follows:

Working for a Louisiana roofing manufacturing company, Dotson operated a Clark forklift to transport rolls of roofing felt to the company's warehouse. One day in 1981, he was using the forklift to move two pallets of the rolls when several fell from the top pallet. One roll somehow struck him in the back of the neck, instantly rendering him paraplegic. No one witnessed the accident.

Dotson brought this diversity action in federal district court, claiming that the forklift was defective under Louisiana product liability law. The main question at trial was how the injury occurred. Dotson asserted that a falling roll struck the forklift's canopy and cartwheeled into the driver's compartment through

the space under the rear of the canopy; the accident thus occurred, he contends, only because the forklift's faulty design provided insufficient protection from the rear. Clark Equipment propounded a different theory: Dotson was leaning out from under the protection of the canopy when struck. In that event, *no liability* could result, since Dotson assumed the risk of injury. After both parties presented their cases, the jury found Clark Equipment liable and assessed damages of $1,959,480. Clark Equipment then moved for judgment n.o.v. or, alternatively, for a new trial. The district court eventually entered judgment n.o.v. pursuant to Fed.R.Civ.P. 50, ...

*Dotson v. Clark Equipment, Co.,* 783 F.2d at 586.

In Dotson's appeal to this Court, the panel reversed the judgment n.o.v. The panel concluded that Dotson had presented sufficient evidence to create a jury issue on Dotson's theory of the accident. The panel noted that resolution of the case required credibility determinations and thus rendered a judgment n.o.v. improper. *Id.* at 588. The panel noted, however, that the district court had not yet ruled on Clark's motion for a new trial. The panel further noted that its holding in no way impinged on the district court's review of that motion. Thus, the panel remanded the case specifically "for a decision on defendant's new trial motion." *Id.* at 589.

On remand, the district court denied Clark's motion for a new trial. In doing so, the district court stated:

A review of the record reveals evidence which supports the jury's verdict. Although substantial evidence supports the defendant's position, it cannot be stated that the verdict is against the great weight of evidence adduced at trial.

Clark appeals from the district court's order.

## II.

A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence. The decision to grant or deny a motion for a new trial is, however, within the sound discretion of the trial court, and reversible only for an abuse of that discretion. Our review is particularly limited when the trial court has denied a motion for a new trial. "When a trial judge has refused to disturb a jury verdict, all the factors that govern our review of his decision favor affirmance." *Shows v. Jamison Bedding, Inc.,* 671 F.2d 927, 930 (5th Cir.1982).

■ The trial judge in the instant case did not abuse his discretion in concluding on remand that the jury verdict was not against the great weight of the evidence. As the prior panel recognized, sufficient evidence was presented in this case to present a jury question, the resolution of which required close credibility determinations. *Dotson,* 783 F.2d at 588. Whether Dotson was leaning out from under the forklift canopy at the time of the accident was the critical factual issue in the case. Dotson testified that he was not. A forensic scientist corroborated Dotson's version of the accident testifying that the nature of Dotson's injury made his theory more plausible than that of Clark. A neurosurgeon further corroborated Dotson's version of the accident. The prior panel noted that "[a]lthough it is admittedly difficult to imagine a heavy roll of roofing material falling forward, hitting the forklift's canopy, and cartwheeling backward underneath the canopy to strike Dotson, such a thing is nevertheless possible, especially since several rolls fell. Collisions among the rolls as they were falling might have caused the improbable to occur." *Id.* A fellow employee of Dotson testified that felt rolls did, in fact, come to rest in back of the forklift.

In response, Clark presented substantial evidence in favor of its theory of the accident, including its own expert witnesses. No doubt, had the jury found in favor of Clark we would find sufficient evidence to support that verdict. The jury itself found the question close as did the trial judge. After carefully examining the trial record, however, we cannot conclude that the verdict in favor of Dotson was contrary to the great weight of the evidence.

Clark contends that the trial court's earlier judgment n.o.v. undermines the reliability of its later decision denying Clark's new trial motion. Clark cites the following statement made by the trial judge in ruling on Clark's judgment n.o.v. motion:

> In this case, the record is devoid of any corroborating evidence which supports Mr. Dotson's testimony. Clearly the requisite substantial conflicting evidence needed to withstand a motion for judgment notwithstanding the verdict does not exist.

Were there no intervening circumstances to justify the trial court's change of position, we might be inclined to accept Clark's analysis. Here, however, a panel of this Court reversed the trial court's finding of no corroborating evidence. After having this corroborating testimony brought to its attention, the trial court could quite properly reassess its earlier evaluation of the evidence.

## III.

At trial, Clark sought a comparative negligence instruction. The trial court refused to grant such an instruction based on its conclusion that comparative negligence was not available to reduce a plaintiff's recovery in a Louisiana strict products liability action. Following trial, and within the ten days required by Fed.R.Civ.P. 50(b), Clark filed a motion for a judgment n.o.v. and alternatively for a new trial. Clark's motion made no mention of the comparative negligence issue it had raised at trial. Almost six months later, however, on February 7, 1985, Clark filed a supplement to its earlier new trial motion. This supplement asserted Clark's comparative negligence defense.

On February 27, 1985, the district court entered its order granting Clark's motion for a judgment n.o.v. Dotson appealed and, as noted earlier, a panel of this Court reversed the district court's judgment. In doing so, the panel remanded the case specifically for "a decision on defendant's new trial motion." On remand, Clark reasserted the argument raised in its original new trial motion that the jury's verdict was contrary to the great weight of the evidence. Clark never mentioned the comparative negligence issue either in its notice to the district court of this Court's action or in its supplemental memorandum in support of its motion. On June 27, 1986, the district court entered its order denying Clark's motion for a new trial. The district court's order mentions only Clark's challenge to the sufficiency of the evidence.

On appeal from the district court's June 27 order, and for the first time since its February 7, 1985, supplement to its new trial motion, Clark reasserts that the district court erred in failing to grant Clark's request for a comparative negligence instruction. We conclude that the issue is not properly before this Court. A number of courts have held that an amendment to add an additional ground to a new trial motion may not be allowed after the ten-day period for filing such a motion has passed. *See, e.g., Bucantis v. Midland-Ross Corp.*, 81 F.R.D. 623, 624 (E.D.Pa. 1979) (In Third Circuit, any additional grounds in support of a motion for a new trial must be served within the ten-day time limit.); 6A Moore, *Federal Practice* ¶ 59.09[2] p. 231 (1976).

This Circuit has adopted a more liberal rule. Here a trial court *may in the exercise of its sound discretion* allow a tardy amendment stating an additional ground for a new trial. *Pruett v. Marshall*, 283 F.2d 436, 440 (5th Cir.1960). The trial court is not, however, required to do so. Factors relevant to the court's decision include the length of the delay and the reasons given. *Id.*

In the instant case, the trial court did not consider the comparative negligence ground raised in Clark's untimely supplement to its new trial motion. We cannot conclude that it abused its discretion in failing to do so. Clark never sought leave to amend its new trial motion. Nor did Clark offer any explanation for waiting nearly six months to raise the comparative negligence issue in a supplement to the new trial motion. The Louisiana Supreme Court's decision in *Bell v. Jet Wheel Blast*, 462 So.2d 166 (La.1985), which establishes that comparative negligence applies in

some strict products liability actions was not decided until January 14, 1985. We note, however, that Clark knew the issue in *Bell* had been certified at the time of trial and nonetheless failed to raise the issue in its original new trial motion. Moreover, Clark delayed nearly a month after *Bell* was decided to file its supplement to the original motion. Finally, Clark never mentioned the comparative negligence issue following this Court's remand of the case for a decision on Clark's new trial motion. Since the district court did not abuse its discretion in refusing to consider Clark's untimely supplement to the original new trial motion, the comparative negligence issue is not properly before this Court.[1]

## IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

1. Even if it were, it is far from clear that *Bell* would have entitled Clark to a comparative negligence instruction. Under *Bell,* whether comparative fault is applicable as a defense in products liability cases must be determined on a case by case basis in light of the policy considerations which form the basis of the products liability doctrine. Although such a test is difficult to apply with any consistency, we note that several courts have refused to apply comparative fault to cases involving employee accidents in the course of the repetitive operation of machinery. *See Robertson v. Superior PMI, Inc.,* 791 F.2d 402 (5th Cir.1986) (saw operator's ordinary negligence); *Thompson v. Tuggle,* 486 So.2d 144 (La.App.1986) (woodcutter injured during the course of repetitive day to day work); *Lanclus v. Rockwell Int'l Corp.,* 470 So.2d 924 (La.App.1985); *but see Winston v. International Harvester Corp.,* 791 F.2d 430 (5th Cir.1986) (applying comparative negligence in trucking accident).