Kent POLIZZI, Plaintiff–Appellant,

and

Insurance Company of North America, Intervenor–Appellant,

v.

M/V ZEPHYROS II MONROVIA, et al., Defendants–Appellees.

No. 87–3481
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1988.

Donald D. Bann, Carson & Bann, Mandeville, La., Robert C. Stern, Metairie, La., for Polizzi.

Kathleen K. Charvet, Lance S. Ostendorf, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Insurance Co. of North America.

Gustavae A. Manthey, Jr., Kenneth J. Servay, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendants-appellees.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Invoking 33 U.S.C. § 905(b), Kent Polizzi seeks damages for alleged back injuries he sustained while working as a longshoreman aboard the M/V ZPHYROS II MONROVIA ("ZEPHYROS"). The jury rendered a verdict rejecting his claims. Despite Polizzi's efforts to find error in the trial, we perceive none, and therefore affirm.

## I.

Polizzi testified on direct examination that he was working as a member of a longshoremen's gang on board the ship when he slipped on some oil and fell onto his lower back. He testified that the oil on the deck was not obvious, he had not been previously warned about the oil by any member of the vessel's crew; the longshoremen had no reason to bring rags or oil onto the vessel; and he saw a rag by his foot and a pile of rags about three feet from the site of his fall. His testimony was supported by other testimony.

The defendants called a stevedoring expert, Peter Duffy, who testified that the stevedore's superintendent or foreman should have discovered the oil spot during a pre-shift inspection and had sawdust thrown over it. Duffy stated on direct examination that the "primary factor" in Polizzi's accident was the attitude of the stevedore towards safety. In his expert opinion, the stevedore's negligence toward its own employees and its complete ignorance of the regulations governing a safe workplace was also a major factor.

The district court denied Polizzi's motion for directed verdict. The jury returned a verdict in favor of defendants. After judgment had been entered on the jury verdict. Both Polizzi and his compensation insurer moved for a new trial or, alternatively, judgment n.o.v. The district court denied both.

## II.

The standard for review on motions for directed verdict and judgment notwithstanding the verdict was firmly established in *Boeing Co. v. Shipman.*[1] The record establishes that the jury had more than sufficient evidence from which it might have concluded that Polizzi's injury was not caused by the vessel owner. There was of course evidence to the contrary, supporting Polizzi's case. The jury's function was to evaluate the evidence. And, in the presence of contradictory testimony, the motion for directed verdict and judgment notwithstanding the verdict were properly denied.

Polizzi and the insurer also argue that the district court erred in failing to grant their motion for new trial because the jury's verdict was against the great weight of the evidence. Our standard of review for the denial of a motion for new trial was set forth in *Dotson v. Clark Equipment Co.*[2]:

A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence. The decision to grant or deny a motion for new trial is, however, within the sound discretion of the trial court, and reversible only for an abuse of that discretion. Our review is particularly limited when the trial court has denied a motion for a new trial. *Shows v. Jami-*

---

1. 411 F.2d 365 (5th Cir.1969) (*en banc*).

2. 805 F.2d 1225, 1227 (5th Cir.1986).

*son Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir.1982).

After reviewing the record, we find no reason to overturn the district court's decision that the verdict was not against the great weight of the evidence.

■■■ The *Scindia* test[3] requires the vessel owner, before turning over the vessel to the stevedore, to warn the longshoremen of any hidden defects that would be known to the shipowner in the exercise of reasonable care, and to exercise care to deliver to the stevedore a safe ship with respect to gear, equipment, tools, and workplace.[4] This duty is not breached if the defect causing the injury was open and obvious and one that the longshoremen should have seen. An obvious defect should be as apparent to the stevedore and its longshoremen employees as to the shipowner.[5]

Polizzi contends that the oil on the deck of the vessel was not obvious. The issue, then, is whether the shipowner knew or, in the exercise of ordinary care, should have known of its presence.[6] Polizzi offered no direct evidence that the defendant vessel owner knew about the oil on the deck; the only testimony touching on this point was the following exchange on cross-examination of Peter Duffy, defendant's stevedoring expert:

EXAMINATION BY MR. BANN:

Q. ... Okay, [w]ould there be any reason to believe that anyone other than the crew of the vessel created this oil on the deck?

A. No.

The expert, however, also testified on direct that, if an experienced stevedore superintendent had properly inspected the work area of the vessel, he should have seen the oily film and covered it with saw-dust. He testified that this company did not maintain a safe-inspection requirement; its basic policy was that every man must watch out for himself. This statement was confirmed by the testimony of the stevedore's superintendent at the time of the accident, who stated that it was not required that he inspect the areas around the hatches where the longshoremen would be working. The expert also stated he thought the hazard was obvious and one that Polizzi should have noticed.

■■■ *Scindia* entitles the shipowner to rely on the thesis that the stevedore is an "expert and experienced" and will act with "reasonable care."[7] The shipowner has no duty to anticipate the action or inaction of a careless stevedore.[8] It was not against the weight of the evidence for the jury to find that the stevedore fell below this standard in failing to inspect and take the easy steps that would have avoided the hazard presented by the oily film on the deck.

■■■ The vessel appellees seek an award of costs and attorney's fees against appellants pursuant to Fed.R.App.P. 38. There was, however, evidence in the record to support the arguments made on appeal. The legal points were arguable on their merits. Therefore, we impose no sanctions.

For these reasons, the judgment is AFFIRMED.

---

**3.** 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981).

**4.** *Helaire v. Mobil Oil Co.*, 709 F.2d 1031, 1036 (5th Cir.1983).

**5.** *Morris v. Compagnie Maritime Des Chargeurs Reunis*, 832 F.2d 67, 69 (5th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988).

**6.** *Morris,* 832 F.2d at 69.

**7.** *Scindia,* 451 U.S. at 168, 101 S.Ct. at 1622; *Morris,* 832 F.2d at 71.

**8.** *Morris,* 832 F.2d at 71.