Oscar **RICO** and Jesse Davis

v.

**AMERICAN FAMILY INSURANCE GROUP, Town and Country Flowers, and Karen Witherspoon**

No. CIV.A. 01–435.

United States District Court, E.D. Louisiana.

June 26, 2002.

Jim S. Hall, Metairie, LA, for plaintiffs.

James W. Hailey, III, Metairie, LA, for defendants.

### ORDER AND REASONS

LIVAUDAIS, District Judge.

Following a jury verdict and judgment in favor of the defendants, plaintiffs, Oscar Rico ("Rico") and Jesse Davis ("Davis"), have filed a motion pursuant to F.R.Civ.P. 50 for judgment as a matter of law and/or for new trial pursuant to F.R.Civ.P. 59. (Rec.Doc. No. 115). Defendants, Karen Witherspoon ("Witherspoon") and American Family Insurance Group ("American Family"), oppose the motion.[1]

#### Facts

Plaintiffs sued defendants for automobile injuries they allegedly sustained on July 31, 2000, when their vehicle collided with the vehicle being driven by defendant, Witherspoon, and insured by defendant, American Family. At the conclusion of

---

1. Defendant, Town and Country Flowers, was dismissed after the court granted the defendant's motion for judgment as a matter of law at the conclusion of the plaintiff's case at trial. (Rec.Doc. No. 112).

the trial, the jury returned a verdict in favor of defendants, Witherspoon and American Family, finding that the automobile accident of July 31, 2000, was not the legal cause of any injury or damage to either plaintiff, Rico or Davis. (Rec.Doc. No. 112). Upon entry of judgment against them, plaintiffs, Rico and Davis, filed this timely motion for judgment as a matter of law and/or new trial.

*Applicable Legal Standard*

In *Vadie v. Mississippi State University*, 218 F.3d 365 (5th Cir.2000), the court reviewed the standards applicable to ruling on a motion for judgment as a matter of law pursuant to F.R.Civ.P. 50:

'A motion for judgment as a matter of law ... in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.' *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir.), *reh'g and suggestion for reh'g en banc denied*, 49 F.3d 730 (5th Cir. 1995). 'On review of the district court's denial of such a motion, the appellate court uses the same standard to review the verdict that the district court used in first passing on the motion.' *Id.*

A jury verdict must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find' as it did. Fed.R.Civ.P. 50(a)(1). 'We test jury verdicts for sufficiency of the evidence under the standards set forth in *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969)(en banc), *overruled on other grounds, Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) (en banc), viewing all of the evidence and drawing all reasonable inferences in the light most favorable to the verdict.' *Scott v. University of Mississippi*, 148 F.3d 493, 504 (5th Cir.1998) (citing *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir.1996) (en banc), quoting *Boeing*, 411 F.2d at 374).

*Id.* at 372. Pursuant to the dictates of *Boeing*, "there must be a conflict in substantial evidence to create a jury question." 411 F.2d at 375. Substantial evidence is defined as "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Vadie*, 218 F.3d at 372, *quoting Boeing*, 411 F.2d at 374. "[A] mere scintilla of evidence is insufficient to present a question for the jury." *Cantu v. Jones*, 293 F.3d 839, 843–44 (5th Cir.2002).

In deciding a motion for judgment as a matter of law, the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party and not making credibility determinations or weighing the evidence. *Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 653 (5th Cir.2002), *citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). "Attributing weight to conflicting evidence and drawing inferences from such evidence are within the province of the jury and its decision should be given deference if the record contains any competent evidence to support its findings." *Green*, 284 F.3d at 653, *citing Gibraltar Sav. v. LDBrinkman Corp.*, 860 F.2d 1275, 1297 (5th Cir.1988).

As recognized by the Supreme Court, "[t]he trial judge in the federal system ... has ... discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 433, 116 S.Ct. 2211, 2222, 135 L.Ed.2d 659 (1996), *quoting Byrd v. Blue Ridge Rural Elec. Co–op., Inc.*, 356 U.S. 525, 540, 78 S.Ct. 893, 902, 2 L.Ed.2d 953 (1958). The Fifth Circuit recently explained:

This Court grants great deference to a jury's verdict and will reverse only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion. *Baltazor v. Holmes,* 162 F.3d 368, 373 (5th Cir.1998). A motion for a new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence. *Carter v. Fenner,* 136 F.3d 1000, 1010 (5th Cir.1998). *Dahlen v. Gulf Crews, Inc.,* 281 F.3d 487, 497 (5th Cir.2002). "The district court has discretion to grant a new trial under Rule 59(a) when it is necessary to do so 'to prevent an injustice.' The district court's decision to grant or deny a Rule 59(a) motion will be reversed only for an abuse of discretion." *Government Financial Services v. Peyton Place,* 62 F.3d 767, 774 (5th Cir.1995) (internal citations omitted).

### *Judgment as a Matter of Law*

Plaintiffs argue that their motion for judgment as a matter of law should be granted because the evidence that they presented concerning the injuries and damages which they suffered in the July 31, 2000, accident was "uncontradicted and unimpeached" and that it came from disinterested witnesses. Without undertaking an extensive review of the evidence, the Court finds that there was substantial evidence presented at trial and that the jury's verdict was supported by the evidence.

■ Both plaintiffs had a long and extensive medical history of prior injuries and accidents. Plaintiff, Rico, a taxicab driver, was involved in numerous automobile accidents over the decade prior to the accident in question in this case, and he had claimed that he suffered serious injuries in at least two accidents in the three years immediately preceding the instant accident. Rico had been treated by several physicians for these accidents, all of whom testified that they relied on the veracity of Rico with respect to their determination on the medical causation of his various ailments. Plaintiff, Davis, had also been treated by several physicians for a variety of medical conditions. Davis' treating physicians similarly testified that they based their testimony regarding medical causation on the truth of Davis' medical history provided to them. Further, neither of the individuals in the other vehicle involved in the collision suffered any type of physical injury.

Considering the totality of the evidence presented at trial, drawing all reasonable inferences in the light most favorable to the verdict, the Court finds that there was ample, competent evidence upon which the jury could base its verdict. There was a legally sufficient evidentiary basis for a reasonable jury to return the verdict presented in this case as to each defendant. The plaintiffs' motion for judgment as a matter of law must be denied.

### *New Trial*

■ Plaintiff, Rico, next moves for a new trial on the ground that the Court erroneously admitted the testimony of Patrice Dangerfield and that, as a result of this error, plaintiff was prejudiced.[2] Patrice Dangerfield was the defense attorney in a previous personal injury lawsuit filed

---

**2.** While the memorandum in support of the motion suggests that both plaintiffs, Rico and Davis, are moving for new trial based upon prejudice due to the testimony of Patrice Dangerfield, Ms. Dangerfield's testimony only concerned a prior lawsuit filed by plaintiff, Rico. Ms. Dangerfield's testimony did not relate in any way to Davis' claim and, therefore, plaintiff, Davis, has no standing to request a new trial based upon her testimony.

by the plaintiff. She testified about the general nature of the injuries which Rico alleges he sustained in the prior lawsuit and the fact that the prior lawsuit was settled. The amount of the prior settlement was not disclosed to the jury.

■ Plaintiff, Rico, initially argues that Ms. Dangerfield was incompetent to testify on the issue of medical causation of Rico's claimed injuries. Contrary to plaintiff's argument, Ms. Dangerfield did not give testimony about the medical causation of the injuries Rico alleged he suffered in the July 31, 2000, accident. She merely testified about the injuries which Rico claimed he sustained in a prior accident. Several of Rico's treating physicians testified at length about the medical causation of plaintiff's injuries. Ms. Dangerfield was not offered by the defendant as a expert in medical causation, and the Court did not qualify her to testify as an expert on medical causation. Ms. Dangerfield's testimony was factual, i.e., she testified about the injuries which Rico alleged in a previous lawsuit filed in close proximity in time to the instant action. Plaintiff's argument in this regard is meritless.

■ Next, plaintiff contends that Ms. Dangerfield's testimony was admitted in violation of Federal Rule of Evidence 408. Federal Rule of Evidence 408 prohibits the introduction of evidence of settlement negotiations for the purpose of establishing liability of a claim or its amount.[3] Ms. Dangerfield's testimony related to the

plaintiff's claims of personal injury in a *previous* case, not the claims at issue in the subject litigation. She did not testify about the amount of the settlement eventually agreed upon in the previous case. Nor did Ms. Dangerfield testify with respect to statements made by the plaintiff in the course of settlement negotiations, but only about the personal injuries plaintiff, Rico, alleged he suffered in the previous accident. No testimony was elicited from Ms. Dangerfield about settlement negotiations for the claim at issue in the instant case. The admission of Ms. Dangerfield's testimony did not violate F.R.E. 408.

■ Plaintiff also argues that Ms. Dangerfield's testimony was irrelevant to the issues presented at the trial of the instant case. The main defense asserted by defendants at trial was that plaintiff, Rico, was alleging that he suffered the same injuries for which he previously sought compensation in prior lawsuits. Ms. Dangerfield's testimony was relevant to that defense.

Finally, plaintiff argues that Ms. Dangerfield was unable to testify to what degree the settlement in the previous case included payment for injury to the knee and, therefore, contends that her testimony was irrelevant. As noted previously, Ms. Dangerfield's testimony was that plaintiff, Rico, had alleged in a prior lawsuit that he suffered certain medical conditions, that the medical evidence in the

---

**3.** Rule 408 of the Federal Rules of Evidence states:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise

negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

prior case demonstrated what medical conditions plaintiff was suffering from, and that the defendant in the prior case and the plaintiff agreed to settle the case. Her testimony was offered for that limited purpose only, and to that extent, her testimony was relevant.

■ The Court finds that there was no error in admitting the testimony of Ms. Dangerfield. If admission of her testimony was erroneous, plaintiff, Rico, was not prejudiced because there was ample evidence in the record to support the jury's verdict on the plaintiff's claims.

As observed by the Fifth Circuit in *Brady v. Fort Bend County*, 145 F.3d 691, 713 (5th Cir.1998), *quoting Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th Cir. 1986), "[a] trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *See also, Pryor v. Trane Company*, 138 F.3d 1024, 1026 (5th Cir. 1998). The verdict in this matter was not against the great weight of the evidence. As noted in the discussion regarding the judgment as a matter of law, there was more than sufficient evidence to support the jury's verdict. The Court finds that the jury's verdict was reasonable and it was based on ample evidence.

### Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the motion of plaintiffs, Oscar Rico and Jesse Davis, for judgment as a matter of law and/or alternatively, for a new trial, is hereby **DENIED**.