# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2015

Lyle W. Cayce
Clerk

No. 14-40769
Summary Calendar

JAIME COVARRUBIAS,

Plaintiff-Appellant

v.

VICTORIA WALLACE, Correctional Officer 3; JOHN WILSON, Correctional Officer 3; GABRIEL OBRIGBO, Correctional Officer 3; JANE GLADNEY, Correctional Officer 3; JANE CHAMBERLAIN, Correctional Officer 3; JOHN JOHNSON, Sergeant; JOHN MCDOWELL, Captain; JANE CHILDRESS, Counsel Substitute; R. HERRERA, Assistant Warden; B. GORDY, Warden; C. LAWSON, Step 2 Signature Authority; JOHN DOE 1, Investigator MUOF; JOHN DOE 2, Tackler; JOHN DOE 3, Supervisor; JOHN DOE 4, Warden Designee; JOHN DOE 5, Executive Director; JOHN DOE 6, Regional Director; JOHN DOE 7, Ombudsman Investigator,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CV-156

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40769

Jaime Covarrubias, Texas prisoner # 939535, filed the instant 42 U.S.C. § 1983 suit against several named and unnamed defendants and raised claims concerning excessive use of force, retaliation, conspiracy, failure to protect, failure to intervene, supervisory liability, and a bogus disciplinary conviction. These claims arose after Covarrubias was involved in an altercation with officers that resulted in disciplinary charges. Some of his claims were dismissed prior to trial, and the rest were rejected by a jury. Now, he moves this court for authorization to proceed in forma pauperis (IFP) on appeal.

By moving to proceed IFP, Covarrubias is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

In the brief filed in support of his IFP motion, Covarrubias explains that he wants to raise appellate arguments concerning the dismissal of issues prior to trial as well as the claims raised in his motion for new trial. None of these arguments suffices to show a nonfrivolous appellate claim. His allegations that an officer improperly detained him do not raise a viable Fourth Amendment claim, as prisoner claims concerning unreasonable seizures involving the use of force are analyzed under the Eighth Amendment, not the Fourth. *See Graham v. Conner*, 490 U.S. 386, 397 n.10 (1989). Given that the facts alleged by Covarrubias show that the incident underlying this suit unfolded so quickly that officers in another area could not have reached him in time to intervene, he has not raised a nonfrivolous claim under the theory of bystander liability.

No. 14-40769

*See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935 (2014).

Insofar as Covarrubias asserts that the judge credited certain officers' statements that they did not see the incident, the record refutes this assertion. Covarrubias's claims related to his disciplinary conviction fail because his capital murder conviction renders him ineligible for mandatory supervision, thus leaving him with no protected liberty interest in these proceedings. *See Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Similarly, his claims related to his grievance fail because he has no right to have grievances resolved to his liking. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

The record shows that the magistrate judge considered whether Covarrubias should be shackled at trial and then took steps to minimize any potential prejudice resulting from these restraints. Accordingly, no nonfrivolous appellate claim arises from the decision to restrain him at trial. *See Deck v. Missouri*, 544 U.S. 622, 626 (2005); *Chavez v. Cockrell*, 310 F.3d 805, 809 (5th Cir. 2002). Because there is no indication that "an incorrect verdict" giving rise to "a substantial injustice" resulted from the jury instructions, Covarrubias has not shown plain error in connection with his claims that the judge should have instructed the jury as to the security detail, deliberate indifference, and de minimis force. *See Haupt v. Atwood Oceanics, Inc.*, 681 F.2d 1058, 1062 (5th Cir. 1982). His challenge to the qualified immunity instructions fails for the same reason. *See id.*

Likewise unavailing is Covarrubias's claim under *Batson v. Kentucky*, 476 U.S. 79, 96-98 (1986), as the record shows no abuse of discretion in connection with the rejection of this claim, which was grounded in the judge's own assessment of the venire person at issue. *See Palmer v. Lares*, 42 F.3d

No. 14-40769

975, 979-80 & n.6 (5th Cir. 1995); *Snyder v. Louisiana*, 552 U.S. 472, 474 (2008). In the same vein, Covarrubias's argument that the trial court erred by denying his challenge for cause to a certain venire member lacks merit because this individual was rehabilitated, thus leading us to conclude that the magistrate judge did not abuse her discretion by denying the challenge. *See Wilson v. Johns-Manville Sales Corp.*, 810 F.2d 1358, 1361 (5th Cir. 1987). Covarrubias also has not shown that this is the rare case in which a trial court abused its discretion by excluding evidence that fell under Federal Rule of Civil Procedure 404(b). *See United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983). Finally, Covarrubias's argument that the verdict is against the great weight of the evidence fails because our review of the record and his filings shows that "sufficient evidence was presented in th[e] case to present a jury question, the resolution of which required close credibility determinations." *See Dotson v. Clark Equipment Co.*, 805 F.2d 1225, 1228 (5th Cir. 1986).

Covarrubias has failed to show that his appeal involves any arguably meritorious issue. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS.