# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2019

Lyle W. Cayce
Clerk

No. 18-10976

IN RE: PROVIDENT ROYALTIES L.L.C.

　　　　　Debtor

MILO H. SEGNER, JR.,

　　　　　Plaintiff - Appellant

v.

CIANNA RESOURCES INCORPORATED,

　　　　　Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-1318

Before KING, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

　　　On appeal, Bankruptcy Trustee Milo Segner, Jr., contends the district court erred in denying his motion for a new trial  and motion for judgment as a matter of law. Both motions contested the jury's verdict finding third-party transferee, Cianna Resources, Inc., accepted monetary transfers in good faith

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10976

for purposes of the avoidance recovery exception set forth in 11 U.S.C. § 550(b). Segner also contends the district court abused its discretion in finding deemed admissions, pursuant to Federal Rule of Civil Procedure 36, did not preclude Cianna from introducing evidence pertinent to the issue of value, for purposes of § 550(b), and in not requiring the jury to decide the issues of good faith and value on a transfer-by-transfer basis.

Having carefully reviewed the parties' briefs, applicable law, and the record in this matter, particularly including the district court's well-reasoned and thorough "Memorandum Opinion and Order," we find no reversible error. Rather, the record reflects that the jury was presented with all relevant evidence (including live witness testimony), heard argument by counsel, and received the necessary instruction regarding applicable law by the district court. And, in the end, the jury's assessment, including its credibility determinations, favored Cianna.

Although the result might have differed if the district judge, rather than a jury, had been the trier of fact, that is not the pertinent inquiry.[1]  Rather, "[a] trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Dotson v. Clark Equip. Co.*,

---

[1] In affirming the district court, we in no way sanction or condone the conduct or business practices of any of the pertinent entities – the debtor (Provident Royalties, LLC), Ruthven Oil & Gas, LLC, or Cianna.  While many of the business practices employed here appear ill-advised and sloppy, if not shady, and likely were strongly motivated by self-interest and a "limited-time" profit opportunity, acceptable business and legal practices differ, to some extent, between regions and industries.  In any event, Cianna's fact and expert witnesses offered some explanation(s) in response to Trustee's contentions and, importantly, both the jury and the district judge had an opportunity to consider all of the trial evidence and, unlike this court, make the necessary credibility determinations.

No. 18-10976

805 F.2d 1225, 1227 (5th Cir. 1986).  Similarly, a Rule 50 motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (internal quotation omitted); *see also* FED. R. CIV. P. 50(a).  Further, in deciding such a challenge, this court's standard of review relative to jury verdicts is "especially deferential." *Flowers,* 247 F.3d at 235. "[W]e consider all of the evidence, drawing all reasonable inferences and resolving  all credibility determinations in the light most favorable to the non-moving party." *Id.*

Employing these standards, we cannot say the jury's verdict is against the great weight of the evidence or that a reasonable person could only have reached an opposite decision.  Nor has reversible legal error been identified. Similarly, we find no abuse of discretion relative to the district court's admission of evidence or formulation of the jury verdict form. Accordingly, we AFFIRM.