**BATEN et al. v. KIRBY LUMBER CORPORATION.**

No. 8998.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1939

Rehearing Denied May 26, 1939.

W. D. Gordon, A. M. Huffman, and C. E. Pool, all of Beaumont, Tex., for appellants.

E. J. Fountain, of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

Kirby Lumber Corporation sued Thos. J. Baten, Kelly Williams and wife, Southern Lumber Company and others in trespass to try title for a large tract of land in Hardin County, Texas, referred to as the J. V. Richardson survey, minutely describing it, and for damages for cutting timber therefrom, praying "judgment for the title and possession of the above described land and for damages against defendants." Baten answered with general denials, and by cross-action prayed to recover of plaintiff a specially described tract of 160 acres called the J. T. Overstreet survey. Williams and wife answered by general denials, and by cross-action sought to recover another 160 acres, or at least his actual enclosure thereon, which he claimed by a ten year limitation title. Southern Lumber Company admitted cutting the timber off of 115 acres of the Overstreet survey after a sale of it by Baten. The jury found this verdict: "We the jury find in favor of the plaintiff against the defendants, and in favor of plaintiff and against defendants Baten and Southern Lumber Company for 241,475 feet of timber for the sum of $1895.83. We the jury find in favor of the plaintiff and against Kelly Williams and wife." The court entered judgment on the verdict for the land sued for, described somewhat differently from the description in the petition, and for the damages found, and that defendants recover nothing of plaintiff. Baten having died, his administratrix and Williams and wife have made separate appeals.

■ The trial was had under the Conformity Act, 28 U.S.C.A. § 724; but the appeals were taken under the Rules of Civil Procedure. The condensation of the evidence made by the appellants was unsatisfactory to the appellee, and it sent up a full transcript of the stenographer's report approved by the District Judge. Appellants have not had the latter printed, and appellee moves to dismiss the appeal. We find that no motion by any appellant was made in the trial for an instructed verdict, so that no question of the sufficiency of the evidence has been properly raised; and the proceedings as the appellants have caused them to be printed do not warrant a reversal for any error in the trial. We will not order the supplemental transcript printed nor dismiss the appeals because it has not been printed.

■ The Baten appeal is sought to be dismissed also because the appeal bond signed by the administratrix is not accompanied by any authority from the Probate Court. We need not enquire whether or not the bond binds the estate. If it does not it binds her, and especially it binds the sureties and that is sufficient.

■ The appeal of Kelly Williams and wife shows no error peculiar to them. The judge submitted to the jury the question of Williams' continuous adverse possession for ten years. They were charged that if during the ten year period there was the slightest acknowledgment of the record title it would defeat his claim, without his wife's joining in the acknowledgment. This instruction is not claimed to be erroneous in law, but unsupported by any evidence. A witness testified that at a time which though not precisely fixed the jury could have found was before the expiration of the ten years, he as representative of plaintiff called to see Williams about the field which Williams was cultivating, which the jury could have found was the enclosure here claimed by Williams, and asked him and his wife to sign an acknowledgment of tenancy which was presented to them; and he believed Williams signed it, but his wife did not wish to unless it was agreeable to her brother H. B. Holland. Williams said it made no difference to him, but the field was on land of Holland, and it might interfere with Holland's title. Williams made no claim to it himself but said it was Holland's land. We think this transaction authorized the charge. Williams was paying no taxes on the land. That the judge did not charge wrongly, and that the jury were justified in rejecting Williams' claim of adverse holding appears from Manning v. Standard Oil Co., Tex.Civ.App., 67 S.W.2d 919.

Error is also claimed in a charge to the effect that if part of the Richardson survey was held in possession by a tenant of plaintiff it would restrict Williams' adverse claim to his actual occupancy. Since the jury found that Williams had no title by limitation at all, the matter of whether it should be restricted to actual occupancy or be extended to 160 acres becomes immaterial.

■■ On Baten's appeal we are at once confronted with a failure of the judgment

to conform to the pleadings, which is assigned as error. The description by courses and distances of the land sued for as set forth in the petition is: "On the south side of Big Sandy Creek: Beginning at the northwest corner of a survey *made for Jeremiah Goins,* a stake from which a magnolia mkd. A L Bears North 88 East 2 varas. Thence South through hickory, magnolia and pine timber at 2733.8 varas intersecting the North boundary line of a survey made for John Dooling at a stake from which a sweet bay mkd. A L bears south 30½ west 2 varas. Thence with said survey (Dooling's) at 1945.3/5 varas to a stake from which a pine mkd. X bears south 42 east 3 varas. Thence north at approximately 3000 varas to the southwest corner of the 160 acres involved in the judgment in the case of George H. Smalley vs. Louis Williams. * * * Thence continuing on the same course at approximately 983 varas to the northwest corner of the 160 acres described in said judgment; thence continuing 486 varas to the total distance of 4673.6 varas to a stake from which a four duck mkd. S R bears south 4 east 4.7 varas and a wild peach marked X bears south 40 west 2.5 varas. Thence down the creek to the place of beginning." The courses and distances set out in the judgment begin at the "Northwest corner of a survey *made for J. A. Beaumont"* but thereafter agree with the petition till the west line is traced, which is made to reach a total distance of 4473.6 varas instead of 4673.6 varas, and to end at a stake witnessed by a white oak, a holly and two hickories all marked X, instead of by a "four duck marked S R and a wild peach marked X." The Goins survey and the Beaumont survey may refer to the same thing, or the call for the Goins survey may have been an error. Also the west line in the judgment may be about the same as that in the petition, but it is earnestly argued that it is not. We are of opinion that the jury's verdict means that the plaintiff is to recover exactly the land he sued for. If in the course of the trial it appeared that there was any mistake in the description it should have been corrected by an amendment of the petition or by a special finding of the jury. Without one or the other a judgment could be entered only for the land as described in the petition. But the judgment can now be corrected to conform to the pleadings, and this will be directed.

■ It is next argued that this is really a land line suit and since the jury's verdict describes no line it is void for vagueness. The Texas case mainly relied on to support the contention is Southern Pine Lumber Co. v. Whiteman, Tex.Civ.App., 104 S.W.2d 635. We understand that in a case of trespass to try title it may turn out that the whole dispute is over a dividing line. If the pleadings of each party describe the line he claims by objects which can now be located or courses and distances which can now be followed, a verdict for one or the other will fix the line accordingly. If they do not, the jury may have to make a special finding to fix it. But the present is not a mere land line controversy between adjoining landowners, but seeks the recovery of minutely described land, and of substantial damages for an actual trespass, under a superior title if that title covers the land claimed by Baten. Several of the monuments referred to, particularly the corners of the 160 acre tract recently in litigation, are modern and capable of location, and for aught appearing on the face of the record, they all may be. We cannot hold the verdict void for uncertainty, in the light of the full description of the plaintiff's claim in the petition, approved by the verdict. Grawunder v. Gotoskey, Tex.Civ.App., 204 S.W. 705.

■ Whether the verdict is authorized by the evidence is a question not reserved in the trial. The defendants went to the jury without challenging its sufficiency, and no error can be attributed to the judge thereabout. Federal appellate courts do not directly review jury verdicts but only rulings of the judge which may have affected the verdict. Rule of Civil Procedure 50, 28 U.S.C.A. following section 723c, does not do away with but emphasizes the necessity of a motion for a directed verdict to raise the legal question whether the evidence is sufficient.

■ The judgment in the case of Smalley v. Williams, which was referred to in the description of the land sued for in the petition, was admitted in evidence over the objection "it is not binding on these defendants and would serve no purpose in locating the land and is not a link in plaintiff's chain of title." It is true that as an adjudication it did not bind the defendants because they were not parties and the land involved was not the land here claimed by defendants, and it was not offered

for that purpose. But it was a muniment of plaintiff's title to part of the land sued for, because Kirby Lumber Corporation held title to the Richardson survey under Smalley, and also held title under Williams to half of the land awarded Williams by the judgment. It was admissible just as a deed from Smalley to Williams would have been. It was further admissible because under the testimony of the witnesses the northwest and southwest corners of the land awarded Williams were located on the ground and well known, and being a part of the description of the land sued for in the petition it was proper that the judgment and the location of these corners on the ground be proven. For these uses of the judgment its admission was not erroneous.

Error is specified in permitting "testimony from the witnesses P. G. Ellis, E. W. Collins and Ben Holland as to what they understood to be the opinion of the public living in that area as to certain lines reputed to be the boundary lines of the Richardson survey." In the printed record the testimony of Ellis covers sixty pages, that of Collins sixteen pages, and of Holland seven pages. Our rules when this appeal was taken required a quotation of the evidence objected to. Rules XI, XXIV (b). The rules adopted just prior to the argument omit that requirement, but Rule XXIV still requires "a specification of the errors relied upon which shall set out separately and particularly each error asserted and intended to be urged." We do not think this has been done. Looking through the eighty odd pages mentioned, we do not readily discover what testimony is referred to. The argument in appellants' brief refers to four particular pages but the references, except one, relate to deeds and field notes and located points, and not to the opinion of the public touching the lines. In the excepted case the court does not appear to have ruled. There is neither a proper specification of error nor a plain error not specified which we might notice.

There are complaints touching the charge, but in some instances no objection appears to have been taken at the time, in others the objection was so indefinite as not to point out the particular matter objected to, and in the remainder we do not find any incorrectness.

We accordingly remand the cause, with direction to conform the description in the judgment of the land recovered to the description in the petition, affirming the judgment otherwise. Appellants recover costs of appeal.