**Paul BOUDREAUX, Appellant,**

v.

**MISSISSIPPI SHIPPING COMPANY, Inc., Appellee.**

**No. 15484.**

United States Court of Appeals
Fifth Circuit.

June 2, 1955.

George Smill, New Orleans, La., for appellant.

Wm. E. Wright, Andrew R. Martinez, New Orleans, La., Terriberry, Young, Rault & Carroll, New Orleans, La., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

Appealing from a judgment on the verdict of the jury in favor of the defendant, the plaintiff is here assigning as error that the jury's verdict was contrary to the law and the evidence.

Appellee, insisting that the jury's verdict is amply supported on the record, points out that there was no motion for a directed verdict, nor any objection to the giving or the failure to give an instruction. So pointing it urges upon us that the assigned error presents nothing for our consideration under the plain provisions of Rule 50(b) and Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the authorities

construing and applying them.[1] We agree that this is so.

This court has never departed from but has consistently reaffirmed[2] the rule governing in cases of this kind, as laid down in Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272, 274:

"Whether the verdict is authorized by the evidence is a question not reserved in the trial. The defendants went to the jury without challenging its sufficiency, and no error can be attributed to the judge thereabout. Federal appellate courts do not directly review jury verdicts but only rulings of the judge which may have affected the verdict. Rule of Civil Procedure 50, 28 U.S.C.A., following section 723c, does not do away with but emphasizes the necessity of a motion for a directed verdict to raise the legal question whether the evidence is sufficient."

The judgment is affirmed.

1. Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272; Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356; Woodbridge v. Du Pont, 2 Cir., 133 F.2d 904; Glendenning Motors, Inc., v. Anderson, 8 Cir., 213 F.2d 432; Funk v. Seaboard Airline R. Co., 5 Cir., 212 F.2d 434.

2. In Whiteman v. Pitrie, 5 Cir., 220 F.2d 914, 918, a suit like this one was under the Jones Act, 46 U.S.C.A. § 688, there was no motion for a directed verdict, and we said:

"* * * the third specification may be shortly answered by saying that we are without power to consider directly whether 'the jury erred.' 5 Moore's Federal Practice, 2nd ed., Para. 50.05(1), pp. 2322, 2323."