**Rash MOORE, Jr., Appellant,**

v.

**Howard STEPHENS, Administrator of the Estate of Brenda Deborah Stephens, Deceased, and June Stephens, Individually, Appellees.**

No. 13772.

United States Court of Appeals
Sixth Circuit.

Oct. 28, 1959.

Roy E. Tooms, Jr., London, Ky., Murray L. Brown, London, Ky., on the brief, for appellant.

Glenn H. Stephen, Williamsburg, Ky., Leonard S. Stephens, Whitley City, Ky., on the brief, for appellees.

Before McALLISTER, Chief Judge, MARTIN, Circuit Judge, and WEICK, District Judge.

PER CURIAM.

This case has been heard on the record and on the oral arguments and briefs of the attorneys for the contending parties.

The appellee administrator recovered, in behalf of the estate of a little five-year-old girl, the sum of $10,280.70, with interest, for death by wrongful act of the appellant in driving his automobile in such negligent manner as to cause the child's death. The mother of the little girl, who was injured in the same accident, was awarded by the jury $1,000 damages.

The court submitted to the jury three interrogatories. In answer to the first,

the jury found appellant's negligence to have been the proximate cause of the accident; and, in reply to the second interrogatory, found that the mother of the child had been guilty of such contributory negligence but for which the accident would not have happened. In reply to the third interrogatory, the jury found from the evidence that appellant, in the exercise of ordinary care, could have seen the child and her mother in a position of peril in time to avoid striking them. In other words, the trial judge submitted the last-clear-chance doctrine to the jury upon proper instructions.

The attorney for appellant failed to note objection or to take exception to the action of the court in charging the last-clear-chance doctrine, but he now urges that the case should be reversed because of the alleged error of the court in submitting this issue to the jury. The success of the argument is directly rejected by Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.: " * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *." Williams v. Powers, 6 Cir., 135 F.2d 153, 157; Marshall v. Nugent, 1 Cir., 222 F.2d 604, 615, 58 A.L.R.2d 251; Ditter v. Yellow Cab Co., 7 Cir., 221 F.2d 894, 897; Stueber v. Admiral Corp., 7 Cir., 171 F.2d 777, 780; Baltimore & Ohio R. Co. v. Felgenhauer, 8 Cir., 168 F.2d 12, 18; St. Louis-San Francisco Ry. Co. v. Willingham, 8 Cir., 177 F.2d 167, 171. Cf. Smith v. Welch, 10 Cir., 189 F.2d 832; American Fidelity & Casualty Co. v. Drexler, 5 Cir., 220 F.2d 930. It is, of course, long established law that the object of Rule 51 is to afford a trial judge opportunity to correct error in his charge before the case is finally submitted to the jury. We might add, by way of dictum, that we think the instruction on the last-clear-chance doctrine should have been given and was correctly given by Judge Ford in the instant case. See Galloway v. Patterson, 312 Ky. 862, 229 S.W.2d 960.

From a review of the record in the case, we are of opinion that there was ample substantial evidence to support the verdict of the jury upon which the judgment of the court was entered. Moreover, the district judge was guilty of no abuse of his sound discretion in excluding what he considered to be deceptive and misleading photographs. For illustrative authority as to the exercise of the court's discretion, see Ligon v. Allen, 157 Ky. 101, 162 S.W. 536, 51 L.R.A.,N.S., 842; Square Deal Cartage Co. v. Smith's Adm'r, 307 Ky. 135, 210 S.W.2d 340; 1 Wigmore, Evidence, section 793; Basic Problems of Evidence, by Morgan, Vol. 1, page 54.

Upon the evidence in the case, the award of $1,000 to the mother of the child for her individual injuries was not excessive.

The judgment of the district court is affirmed.