**Frank PRUETT, Appellant,**

v.

**Robert Ellington MARSHALL, Appellee.**

No. 18238.

United States Court of Appeals
Fifth Circuit.

Sept. 30, 1960.

Clifford Emond, Edward W. McDonald, Birmingham, Ala., for appellant.

James E. Clark, Bibb Allen, Birmingham, Ala., for appellee, London, Yancey, Clark & Allen, Birmingham, Ala., of counsel.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Frank Pruett, the plaintiff-appellant, was injured when an automobile in which he was riding as a passenger was struck from behind by an automobile that Robert Marshall, the defendant-appellee, was driving. The accident occurred at ten in the morning, November 10, 1958, about three miles east of Irondale, Alabama, on U. S. Highway 78. At the time of the accident the day was clear. At the point of the accident the highway is straight and has four lanes, a center parkway, and wide shoulders. The evidence is undisputed that the front of Marshall's car ran into the rear of the car, operated by one Hazelwood, in which Pruett was riding. Pruett sustained serious injuries. The testimony is in hopeless conflict as to whether there was negligence on the the part of the defendant that contributed proximately to the accident. This was the only issue submitted to the jury. The jury found for the defendant. The plaintiff moved for a new trial. The trial judge [1] denied the motion and granted judgment for the defendant. We affirm.

■ The appellant makes a number of assignments of error, but the main thrust of his argument is that on the facts there was a miscarriage of justice and that the district court should have set aside the verdict as contrary to the great weight of the evidence. The appellant, however, did not move for a directed verdict under Rule 50, F.R.Civ.P., 28 U.S.C.A. When a party allows a case to go to the jury without challenging the sufficiency of the evidence by a motion for a directed verdict, the appellate court is powerless to review the sufficiency of the evidence to support the verdict. This Court has said that when a litigant is content to let the case go to the jury, "having done so, and having lost before the jury, he cannot be heard later to say that the trial judge should be put in error for having submitted the matter to the jury in the first place". Stokes v. Continental Assurance Co., 5 Cir., 1957, 242 F.2d 893, 894. Again: "Federal appellate courts do not directly review jury verdicts but only rulings of the judge which may have affected the verdict." Baten v. Kirby Lumber Corp., 5 Cir., 1939, 103 F.2d 272, 274. See also Boudreaux v. Mississippi Shipping Co., 5 Cir., 1955, 222 F.2d 954; Moore v. Stephens, 6 Cir., 1959, 271 F.2d 119; Moore, Federal Practice, Section 50.05(1) (2d Ed.); Barron and Holtzoff, Federal Practice and Procedure, Section 1081, p. 781.

■ An appellate court may reverse a district court for denial of a new trial based on the ground that the verdict was against the weight of the evidence only if the denial was "an abuse of discretion". It is difficult to define what constitutes an abuse of discretion. Discussing the problem in Whiteman v. Pitrie, 5 Cir., 1955, 220 F.2d 914, 919, Judge Rives, for the Court, stated:

"* * * The inherent nature of the question is such that it cannot be answered with certainty and exactness. * * * ¶ What are the tests for such abuse of discretion? * * * Affolder v. New York, Chicago & St. L. R. Co., 339 U.S. 96, 101, 70 S.Ct. 509, 94 L.Ed. 683, and 'so gross or inordinate in amount as to be contrary to right reason' (Chief Judge Hutcheson concurring in Sunray Oil Corporation v. Allbritton, 5 Cir., 188 F.2d 751). * * * When all is said and done, however, the question by its very nature is one for which there can be no rule of thumb answer. * * *"

---

1. The case was filed originally in the Circuit Court of Jefferson County, Alabama, Tenth Judicial Circuit, and then removed on petition of defendant to the District Court of the United States for the Northern District of Alabama, Southern Division.

■ The plaintiff relies heavily on Indamer Corp. v. Crandon, 5 Cir., 1954, 217 F.2d 391, in support of his argument. We do not see this case as supporting the plaintiff's position. Judge Tuttle, for the Court, in that case discussed the rules governing appellate review of jury verdicts and motions for a new trial: "Ordinarily, of course, this court does not examine the evidence adduced before a trial jury to determine whether it is sufficient to sustain a verdict. This is particularly true when there is substantial conflict in the evidence. The same rule applies, in general, to the reluctance of an appellate court to review the refusal of the trial court to grant a motion for a new trial. However, the rule is clear that an order denying a motion for a new trial, in a case where the *absolute absence* of evidence to support the jury's verdict makes such refusal an error in law, is subject to review by the appellate courts [citations]." 217 F.2d 391, 393. [emphasis added.] In the Indamer case the new trial was only a partial new trial; it was granted because the amount of damages found by the jury clearly bore no relation to the proof submitted, *and* the jury had been permitted to hear an *improper* contention on this point by the defendants' attorneys. No such situation exists here. We cannot say that there is an "absolute absence of evidence to support the jury's verdict," such as existed in the Indamer case. On the contrary, as we read the record, there is evidence to support the jury's verdict: evidence that the plaintiff's driver created a dangerous emergency and that the accident occurred when the defendant, acting under the spur of the emergency, swerved suddenly to the wrong side to avoid a wreck.

■■ This Court in American Fidelity & Casualty Co. v. Drexler, 5 Cir., 1955, 220 F.2d 930, held that where the evidence is such that fair-minded men might draw different inferences from it and reasonably disagree as to what the verdict should be, the question is for the jury. The Court of Appeals may not invade the province of the jury to find the facts merely because the members of the Court, if they had sat as the jury, might have drawn different inferences and conclusions from all the testimony. See Good Holding Co. v. Boswell, 5 Cir., 1949, 173 F.2d 395, 401. The Supreme Court has pointed out that if there is a reasonable basis in the record for the jury's verdict, the appellate court may not weigh the conflicting evidence, judge the credibility of witnesses, and arrive at a conclusion opposite the one reached by the jury. The reviewing court's "function is exhausted·when [an] evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable." Lavender v. Kurn, 1946, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916. Here, we see no abuse of discretion by the trial court in denying the motion for a new trial; no basis for reversal because of insufficiency of the evidence to support the verdict.

During the course of the trial the defendant's attorney attempted to question the plaintiff as to whether the host driver, Hazelwood, or Hazelwood's representative had made a settlement with the plaintiff. The plaintiff's attorney objected to that line of questions. The trial judge sustained the objection. The attorney for the plaintiff then and there moved for a mistrial. The trial judge overruled the motion but again said that he sustained the objection, and he instructed the jury to disregard the question stating: "That has no bearing on the case, gentlemen, the fact that they settled a claim, if that took place, and you will not consider it. Dismiss it from your mind." The plaintiff filed a motion for a new trial, within the ten-day period provided in Rule 59(b) F.R.C.P., itemizing thirty-eight reasons for a new trial. Reason No. 31 was the question propounded the plaintiff relating to a settlement with the host driver. Reason No. 32 was that the trial court refused to order a mistrial because of the question. Five weeks later, that is, long after expiration of the time for filing a motion for a new trial under Rule 59(b), the

plaintiff's attorney filed an "amended motion", amending Reasons 31 and 34 and adding five more reasons for a new trial. The amendment to Reason 31 spells out in detail that the plaintiff was prejudiced by the alleged improper questioning. The amendment to Reason 34 adds little or nothing to the original. The other reasons in the amended motion allege that the court erred in "emphasizing" certain phrases and words in the charge; in giving certain written instructions requested by the defendant; in depriving the plaintiff of an opportunity to analyze written charges requested by the defendant; in allowing the defendant's attorney, contrary to the court's directions, to fail to furnish the plaintiff's attorney a copy of written instructions given by the court to the jury. The district court dismissed the amended motion on the ground that it was filed too late, citing Rule 59(b) and Francis v. Southern Pacific Co., 10 Cir., 1947, 162 F.2d 813, and struck the motion to amend on the defendant's motion to strike. The court then overruled the plaintiff's motion for a new trial. The appellant contends that these rulings were erroneous.

There is respected authority that when a motion for a new trial is made within the ten-day period for filing provided in Rule 59(b), the trial court should be able in the exercise of a sound discretion, to allow a tardy amendment stating an additional ground for a new trial. The theory behind this reasoning is that the filing of a motion for a new trial suspends the finality of the judgment and tolls the time for taking an appeal. 4 Moore, Federal Practice, § 59.09 (2) p. 3849. However, as Moore states: "The weight of authority, though, supports the view that an amendment to add an additional ground may not be allowed after the ten-day period has passed." [2] We would be inclined to take the liberal view—in the proper case. This is not such a case. First, the appellant gives no reason for his delay. Second, the filing of the amended motion ten days after the hearing on the original motion seems an inexcusable delay; the hearing was five weeks after rendition of the judgment. Third, we cannot see that the appellant was injured. As far as the alleged improper questioning is concerned, the amendment adds virtually nothing of substance to the original motion, except the allegation that the plaintiff was injured by "repetitious" interrogation. But this allegation of the amendment, and other allegations were considered by the district judge. He held expressly that "since all rulings in respect to these questions were favorable to the plaintiff, the plaintiff cannot be heard to complain * * * nor were [the questions] propounded with the repetitiveness that prevails in the cases referred to". The record supports this statement. Finally, it seems to us that it is doubtful whether the questions were inadmissible. The record indicates that the plaintiff opened the door himself to the questioning, and there is considerable merit to appellee's contention that the questions were offered to impeach the credibility of the host driver who testified that he had never acknowledged any negligence on his part. The appellant received the benefit of a doubtful ruling. Assuming, however, that the questions were improper, the court's curative action in instructing the jury to disregard any inferences that might be drawn from them seems sufficient here to wipe out any prejudicial harm to the appellant's cause. Williams v. National Surety Corp., 5 Cir., 1958, 257 F.2d 771; Uhl v. Echols Transfer Co., 5 Cir., 1956, 238 F.2d 760.

In the circumstances of this case, it is too late for the plaintiff to complain that the trial judge did not inform him before the argument as to the precise nature of the oral and written instructions he proposed to give to the jury. Under Rule 51, Fed.R.Civ.P., "[no] party

2. See, for example, Francis v. Southern Pacific Co., 10 Cir., 1947, 162 F.2d 813; 10 Cir., 163 F.2d 428, affirmed 1948, 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798; Russell v. Monongahela R. Co., 3 Cir., 1958, 262 F.2d 349; Johnson v. Joseph Schlitz Brewing Co., 6 Cir., 1941, 123 F. 2d 1016.

may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Absent such objection, the court's instructions to the jury are not reviewable. The purpose of this rule is to lessen the number of technical errors by giving both the trial judge and the opposing attorney an opportunity to correct possible errors. Counsel for the plaintiff had ample opportunity to except to the judge's instructions at the end of his oral charge. His failure to do so precludes him from now challenging the correctness of the law as it was stated to the jury.[3] Williams v. National Surety Corp., 5 Cir., 1958, 257 F.2d 771; Moore v. Louisville & Nashville R. Co., 5 Cir., 1955, 223 F.2d 214. Furthermore, this Court would be correct in assuming that the plaintiff was sufficiently advised of the trial court's proposed action, since the record contains no showing to the contrary. Gwinett v. Albatross S. S. Co., Inc., 2 Cir., 1957, 243 F.2d 8; Dallas Railway & Terminal Co. v. Sullivan, 5 Cir., 1940, 108 F.2d 581, 583.

The appellant contends that the trial judge erred in reading to the jury "inapt" Alabama statutes regarding the Rules of the Road.[4] These statutes are by no means inapplicable to this case. They cover the duty of care owed by all drivers of vehicles in Alabama. Admittedly, the negligence of the driver of the car in which the plaintiff was riding is not attributable to the plaintiff. But it *was* important with respect to Marshall, the defendant, who had a right to expect that other drivers would exercise reasonable care and obey the Alabama law while using the roads. Since the question of Hazelwood's negligence *vel non* was pertinent to the case, it was not reversible error for the judge below to read the statutes to the jury.

We have considered all of the appellant's assignments of error. In our view, the appellant received a fair, impartial trial below. Judgment is affirmed.

HUTCHESON, Circuit Judge (concurring in the result).

Of the clear opinion that no substantial error is assigned by appellant and that the record clearly shows that substantial justice was done in the case, I concur in the result.

---

3. See Moore, Federal Practice § 51.04 (2d Ed.); Moore v. Stephens, 6 Cir., 1959, 271 F.2d 119; Williams v. Atlantic Coast Line R. Co., 5 Cir., 1951, 190 F.2d 744. The Appellate Court, however, may in its discretion consider grounds of error in spite of a failure to object below where it is apparent on the face of the record that there was plain error or a miscarriage of justice. Smith v. Welch, 10 Cir., 1951, 189 F.2d 832. Such rule does not apply here.

4. Title 36, Alabama Code of 1940, § 17 (c), § 58(9) (a).