El Juez Asociado Señor Rivera García
emitió la opinión del Tribunal.
El presente recurso de certiorari nos brinda la oportuni-dad de interpretar el mecanismo de nuevo juicio en el ám-bito procesal civil. En particular, debemos atender si una moción de nuevo juicio presentada al amparo de la Regla 48 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y sustentada en el descubrimiento de nueva evidencia, puede ser en-mendada o suplementada mediante la presentación de do-cumentos y declaraciones juradas adicionales a aquellas sometidas en la solicitud original(1)
I
Allá para septiembre de 2004, los peticionarios, trece estudiantes y egresados de la Universidad Interamericana de Puerto Rico (UIPR), presentaron una demanda por in-cumplimiento de contrato y daños y perjuicios contra la institución educativa(2) Alegaron que entre 1996 al 2001 la UIPR ofreció un bachillerato en Ciencias de Aviación con concentración en Sistemas Electrónicos de Aviación. La in-formación provista por la universidad respecto al ofreci-miento académico señalaba que el programa estaba apro-bado por la Administración Federal de Aviación (FAA, por sus siglas en inglés). No obstante, los peticionarios argu-mentaron que los egresados del programa se habían visto *609 impedidos de obtener empleo —en parte— debido a que la UIPR no contaba con el aval de la FAA.
El 7 de diciembre de 2007, luego de celebrado el juicio, el Tribunal de Primera Instancia dictó sentencia(3) Entre las determinaciones de hechos consignadas en el dictamen se incluyó una estipulación de las partes a los efectos de que “el Bachillerato en Ciencias de Aviación con concentra-ción en Sistemas Electrónicos de Aviación no est[aba] apro-bada [sic] por la FAA, distinto a lo que se expresa [ba] en los catálogos de la U.I.P.R.”.(4) En atención a este dato y a los demás hechos probados, el foro primario resolvió que la UIPR incurrió en dolo contractual mediante el empleo de falsas representaciones y engaños. Razonó que esta con-ducta indujo a los peticionarios a matricularse en la con-centración de Sistemas Electrónicos de Aviación bajo la creencia de que lograrían obtener un empleo luego de cul-minar sus estudios.
Asimismo, el foro primario concluyó que medió dolo en la consumación del contrato por parte de la UIPR debido a que los cursos ofrecidos no cumplieron su promesa de pre-parar a los estudiantes para las funciones que debían des-empeñar como técnicos o especialistas en sistemas electró-nicos de aviación. Ello debido a la abundancia de materias teóricas y a la falta de cursos prácticos que les permitieran a los estudiantes aplicar los conocimientos adquiridos. En consecuencia, condenó a la UIPR a pagar una suma en exceso de $500,000 por daños y perjuicios, así como las costas del litigio y $10,000 por honorarios de abogado.
*610 Luego de interrumpido el término para apelar,(5) el 22 de febrero de 2008 la UIPR presentó una moción de nuevo juicio al amparo de la Regla 48.2 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) o, en la alternativa, de relevo de sentencia. Ese petitorio lo fundamentó en el descubri-miento de nueva evidencia que, alegadamente, no estuvo disponible al momento del juicio. En conjunto con la mo-ción de nuevo juicio, la UIPR acompañó copia de la eviden-cia supuestamente encontrada luego de haberse dictado la sentencia, así como de dos declaraciones juradas en donde se certificaba que los documentos no pudieron ser descu-biertos previamente a pesar de las diligencias realizadas. Ambas declaraciones fueron suscritas por Juan F. Martí-nez, Rector del Recinto de Bayamón de la UIPR, y por Mario Signoret, Decano de la Escuela de Aeronáutica de la UIPR.(6)
La prueba encontrada y sometida junto con la moción consistió en cierta correspondencia intercambiada entre la UIPR y la FAA de la cual se desprendía que el Programa de Sistemas Electrónicos de Aviación estuvo certificado por esa agencia federal durante el período relevante al caso. La UIPR también señaló que los documentos hallados apun-taban a que la FAA les ofreció empleo a los estudiantes egresados del mencionado programa académico en el pe-riodo comprendido en la reclamación de los peticionarios.(7)
Tras varios trámites procesales, la vista evidenciaría para atender la solicitud de nuevo juicio quedó señalada *611 para el 17 de marzo de 2010.(8) Nueve días antes de la vista, el 8 de marzo de 2010, la UIPR presentó una moción intitulada “Moción suplementando moción solicitando nuevo juicio”. Argüyó que durante la preparación para la mencionada audiencia revisó con detenimiento las cajas en donde descubrieron las misivas sometidas en la moción de nuevo juicio. Allí encontró documentos adicionales mate-riales y relevantes a la controversia adjudicada en la sen-tencia, los cuales adjuntó al petitorio. Además, incluyó una declaración jurada del testigo pericial de la UIPR, Dr. Luis Morales Sánchez, en la que acreditó que, de haber tenido acceso a la información sometida en la moción suplemen-taria, su informe y testimonio en el juicio hubiesen sido materialmente diferentes.(9)
Los peticionarios, por su parte, se opusieron a la men-cionada moción suplementaria fundamentados en que ésta constituía una enmienda a la solicitud original de nuevo juicio. Argumentaron que la jurisprudencia federal ha re-conocido la discreción del tribunal para autorizar una en-mienda a una moción de nuevo juicio, siempre y cuando se presente oportunamente, se le dé aviso a la parte contraria con tiempo y se demuestre justa causa. Estos tres elemen-tos, a juicio de los peticionarios, no concurren en este caso. A esos efectos, particularizaron que la tardanza en someter la nueva prueba y la cercanía de la vista señalada —menos de diez días— los imposibilitaba a conseguir testigos y pre-sentar declaraciones juradas en oposición a la moción suplementaria.
Asimismo, los peticionarios plantearon que la UIPR no *612 demostró justa causa para la dilación en presentar la nueva evidencia que fue descubierta en el mismo lugar en donde encontraron la documentación sometida dos años antes mediante la moción original de nuevo juicio. Conse-cuentemente, le solicitaron al foro primario que no consi-derara la moción suplementaria por haber sido presentada tardíamente. (10)
El 12 de marzo de 2010, el Tribunal de Primera Instan-cia denegó la moción suplementaria a la solicitud de nuevo juicio. La UIPR recurrió de esa orden ante el Tribunal de Apelaciones. Mediante Sentencia emitida el 2 de junio de 2010, el foro apelativo intermedio revocó la determinación. Razonó que la moción suplementaria no afectaba los pro-cedimientos posteriores a la sentencia. Esto debido a que el petitorio se presentó antes de que expirara el término para apelar el dictamen —conforme a lo dispuesto en la Regla 48 de Procedimiento Civil de 1979, supra— y previo a que se celebrara la vista para dilucidar la moción original de nuevo juicio.
Los peticionarios, inconformes con el dictamen del tribunal apelativo, presentan ante este Foro la Petición de certiorari de epígrafe, para plantear los errores siguientes:

Erró el Tribunal de Apelaciones al intervenir con una determi-nación interlocutoria procesal del Tribunal de Primera Instan-cia sin que hubiera existido un abuso de discreción de ese Tribunal de Primera Instancia.

Erró el Tribunal de Apelaciones al no darle deferencia a una orden del Tribunal de Primera Instancia que rechazó la pre-sentación de nuevas declaraciones juradas que no se presenta-ron simultáneamente con la moción de juicio nuevo, según re-quiere la Regla 48 de Procedimiento Civil, sino que presentaron esas declaraciones juradlas] años más tarde, sin presentarse prórroga ni ofrecerse justa causa para la no radi-cación simultánea de las declaraciones juradas, y sobre todo, sin que el TPI hubiera abusado de su discreción al no permitir *613 esa radicación tardía. (Énfasis en el original.) Petición de cer-tiorari, pág. 4.
Junto con el recurso, los peticionarios presentaron una moción en auxilio de jurisdicción mediante la cual solicita-ron que paralizáramos las vistas para dilucidar la moción de nuevo juicio y su respectiva enmienda. El 18 de noviem-bre de 2010, emitimos una Resolución en la cual ordena-mos la paralización de las vistas señaladas para los días 22, 23 y 24 de noviembre y 6 de diciembre de 2010. Asi-mismo, le concedimos término a la UIPR para que mos-trara causa por la cual no debíamos expedir el auto solici-tado y revocar la sentencia recurrida. La UIPR, por su parte, presentó su alegato en cumplimiento con nuestra orden.
Así las cosas, contando con el beneficio de los alegatos de ambas partes, procedemos a resolver.
II
Las Reglas de Procedimiento Civil proveen para la celebración de un nuevo juicio cuando, entre otras razones, se obtiene evidencia esencial que no pudo descubrirse ni presentarse durante el juicio, a pesar de emplear una diligencia razonable para encontrarla. Regla 48.1 de Procedimiento Civil de 1979 (32 L.P.R.A Ap. III). El término establecido para presentar una moción de nuevo juicio fundamentada en el descubrimiento de nueva evidencia es equivalente al periodo disponible para apelar o recurrir de la sentencia. A esos efectos, la Regla 48.2, supra, dis-pone, en lo pertinente, que
Una moción de nuevo juicio deberá ser presentada dentro de los diez (10) días de haberse archivado en los autos copia de la notificación de la sentencia, excepto que:
(a) Cuando esté basada en el descubrimiento de nueva evi-dencia podrá ser radicada antes de la expiración del término para apelar o recurrir de la sentencia, previa notificación a la *614 otra parte, la celebración de vista y la demostración de ha-berse ejercitado la debida diligenciad(11).
Los términos dispuestos en la Regla 48.2 de Procedimiento Civil de 1979, supra, son improrrogables. Así, la presentación de una moción de nuevo juicio, luego de expirado el plazo establecido en la regla, priva de jurisdicción al tribunal sentenciador para entrar a considerarla en sus méritos. R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 4ta ed., San Juan, Ed. LexisNexis, 2007, See. 4703, pág. 348. No obstante, la presentación oportuna de una moción de nuevo juicio tiene el efecto de interrumpir el término para apelar una sentencia. Regla 53.1(g)(3) de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).(12)
En lo concerniente a la controversia que nos ocupa, la Regla 48 de Procedimiento Civil de 1979, supra, guarda silencio en cuanto a la posibilidad de enmendar o suple-mentar una moción de nuevo juicio.(13) Igualmente, al exa-minar la jurisprudencia interpretativa de la citada regla advertimos que este Tribunal no se ha expresado sobre este asunto.
En la jurisdicción federal, sin embargo, la posibilidad de enmendar o suplementar las mociones de nuevo juicio pre-sentadas conforme a la Regla 59 de Procedimiento Civil Federal, 28 U.S.C.A., ha sido discutida ampliamente. Nuestra Regla 48 de Procedimiento Civil, supra, procede, en su mayoría, de la referida Regla 59 de Procedimiento *615 Civil Federal, supra. En ese sentido, la exégesis conferida en el ámbito federal al mecanismo de nuevo juicio es per-suasiva para este Tribunal en la medida que no sea contra-ria al texto de nuestra regla o al marco interpretativo de nuestras normas procesales civiles.
La enmienda a una oportuna moción de nuevo juicio es generalmente aceptada por los tribunales federales cuando tal solicitud se lleva a cabo dentro del término concedido por la Regla 59 de Procedimiento Civil Federal, supra, para presentar la solicitud original(14) 7 Moore’s Federal Practice 3rd Sec. 59.16[1], pág. 59-100 (1997). No obstante, los tribunales apelativos federales se encuentran divididos en cuanto a la autorización o no de una enmienda a una oportuna moción de nuevo juicio cuando la primera haya sido presentada, luego de expirado el término en cuestión. Id. Ello a pesar que no existe ninguna ley o regla que pro-híba la enmienda a la solicitud de nuevo juicio.
La jurisprudencia refleja que algunos foros federales han interpretado restrictivamente la regla. Así, varios cir- *616 cuitos apelativos federales han resuelto que los tribunales de distrito están impedidos de considerar asuntos traídos ante su atención mediante una enmienda o modificación presentada luego de transcurrido el periodo de veintiocho días concedido por la Regla 59 de Procedimiento Civil Federal, supra, para someter la moción de nuevo juicio original. Arkwright Mut. Ins. Co. v. Philadelphia Elec. Co., 427 F.2d 1273 (3er Cir. 1970); Conrad v. Graf. Bros., Inc., 412 F.2d 135 (ler Cir. 1969). Véase, también, Putman Resources v. Pateman, 757 F.Supp. 157 (D. R.I. 1991).
Mientras tanto, existen otros tribunales de circuito de apelaciones federales que le han reconocido al foro senten-ciador discreción para aceptar una enmienda a la moción de nuevo juicio sometida luego del término reglamentario para la solicitud inicial. Véanse: Abbott v. Equity Group, Inc., 2 F.3d 613 (5to Cir. 1993); Davis by Davis v. Jellico Community Hosp. Inc., 912 F.2d 129 (6to Cir. 1990); Pate v. Seaboard R.R., Inc., 819 F.2d 1074 (limo Cir. 1987).(15) El motivo principal esgrimido por los tribunales para este acercamiento liberal es el efecto que tiene la oportuna pre-sentación de la moción de nuevo juicio sobre el plazo para apelar. Sabido es que la presentación en tiempo de una moción de nuevo juicio suspende la finalidad de la senten-cia emitida e interrumpe el término para apelar el dictamen. Ante tales circunstancias, la justificación para denegar de plano una enmienda a la referida solicitud puede ceder ante el mejor interés de la justicia. Pate v. Seaboard R.R., Inc., supra; Pruett v. Marshall, 283 F.2d 436 (5to Cir. 1960). Véase, además, Moore, op. cit., sec. 59.16 [2], pág. 59-100.
Esta teoría liberal cobra mayor relevancia en nuestra jurisdicción dado que el término concedido por la Regla 48 de Procedimiento Civil de 1979, supra, para someter la mo- *617 ción de nuevo juicio basada en el descubrimiento de nueva evidencia no es un término fijo, sino que está atado al plazo disponible para apelar la sentencia. El efecto interruptor que tienen varios mecanismos posteriores a la sentencia sobre el referido periodo para apelar un dictamen —Regla 53.1(g) de Procedimiento Civil de 1979, supra— implica que, una vez este quede suspendido, la moción de nuevo juicio se considerará en tiempo hasta luego de treinta días de adjudicado el remedio postsentencia que interrumpió el término apelativo. En ese sentido, resultaría contradictorio rechazar de plano una enmienda a una oportuna moción de nuevo juicio, cuando —técnicamente— esa modificación se considera en el término concedido por la Regla 48 de Pro-cedimiento Civil, supra, para presentar la petición original. Esto debido a que el plazo para apelar no ha finalizado.
En resumidas cuentas, la suspensión del término para recurrir de una sentencia, aun cuando surja con motivo de la interposición de una moción de nuevo juicio, significa que la solicitud para enmendar o suplementar el petitorio fundamentado en el descubrimiento de nueva evidencia se considerará presentada en tiempo, en tanto y en cuanto el foro sentenciador no haya adjudicado la solicitud inicial sometida. Este análisis es cónsono con la posición adoptada por los tribunales apelativos federales en cuanto a la autorización de las enmiendas sometidas en el término dispuesto para la presentación de la solicitud original.
Ahora bien, el mero hecho de que una parte solicite en-mendar o suplementar una moción de nuevo juicio en el término dispuesto para la interposición de la petición original no presupone automáticamente que el foro sentencia-dor tiene que aceptarla y resolverla en sus méritos. Si bien la doctrina vigente favorece la interpretación liberal de las normas procesales civiles, el alcance de esa liberalidad no *618 es infinito. Un ejemplo de esta filosofía la encontramos en la regulación de las enmiendas a las alegaciones. Veamos.
La Regla 13.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) dispone que una parte podrá enmendar sus alegaciones en cualquier momento antes de que se le notifique la alegación responsiva correspondiente. Cuando la alegación no admite una respuesta, podrá presentar la enmienda dentro de los veinte días de haber notificado su alegación cuando el caso no haya sido señalado para juicio.(16) En estos casos la enmienda procede sin autorización judicial.
Ahora bien, una vez se presenta la alegación responsiva o transcurren los veinte días de sometida la alegación original, las enmiendas a las alegaciones podrán llevarse a cabo únicamente con el permiso del tribunal o mediante el consentimiento de la parte contraria. Ciertamente la Regla 13.1 de Procedimiento Civil, supra, favorece la concesión de la enmienda a las alegaciones. Sin embargo, la proce-dencia de la enmienda queda —en última instancia— a la sana discreción del tribunal. S.L.G. Sierra v. Rodríguez, 163 D.P.R. 739, 747 (2005).
Entendemos que la doctrina aplicable a las enmiendas a las alegaciones debe ser adoptada por analogía a las en-miendas a una moción de nuevo juicio. Igual que ocurre con las alegaciones aludidas en la citada Regla 13.1, la moción de nuevo juicio persigue la concesión de un reme-dio, a saber, que se celebre un juicio de novo. Además, la solicitud de nuevo juicio admite una moción en oposición, por lo que la distinción que hace la Regla 13.1, supra, en cuanto a las enmiendas sometidas antes de la notificación de una alegación responsiva o después de ella resulta per-tinente en la regulación de las enmiendas a la referida moción.
*619 III
Conforme a la doctrina jurídica expuesta, resolve-mos que la enmienda o solicitud para suplementar una moción de nuevo juicio fundamentada en el descubrimiento de nueva evidencia procede en cualquier momento antes de que la parte contraria notifique su oposición al petitorio. Una vez sea notificada esta oposición, la moción para enmendar o suplementar la solicitud de nuevo juicio podrá ser autorizada por el tribunal en el ejercicio de su sana discreción.(17)
La discreción conferida al foro sentenciador para disponer de una solicitud de enmienda a la moción de nuevo juicio no puede ser ejercitada en el vacío. Por tal motivo, disponemos que el tribunal, al enfrentarse a una petición a esos fines, deberá ponderar las circunstancias siguientes: (1) el momento cuando se solicita la enmienda; (2) el impacto de la solicitud en la pronta adjudicación de la cuestión litigiosa; (3) la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda; (4) el perjuicio que esta causaría a la otra parte, y (5) la naturaleza y los méritos intrínsecos de la defensa que se plantea. Consejo Cond. Plaza del Mar v. Jetter, 169 D.P.R. 643, 666 (2006); S.L.G. Sierra v. Rodríguez, supra, pág. 748; Epifanio Vidal, Inc. v. Suro, 103 D.P.R. 793, 796 (1975).(18)
Estos factores deberán examinarse en conjunto, toda vez que no operan de forma aislada. En específico, un factor determinante que deberá ser examinado cuidadosa- *620 mente por el tribunal al momento de resolver la solicitud de enmienda a la moción de nuevo juicio es el perjuicio indebido que esa autorización podría ocasionarle a la parte contraria. Véase Consejo Cond. Plaza del Mar v. Jetter, supra. Este elemento, así como la presentación del petito-rio en un momento irrazonablemente tardío, de ordinario conllevan la denegación de la enmienda solicitada. Id.
En aquellos casos en donde la autorización o denegatoria de una enmienda a la moción de nuevo juicio descanse en la discreción del foro sentenciador, esa determinación deberá ser sostenida en apelación, a menos que ello sea incompatible con la justicia sustancial.(19) Así, tal y como ocurre con una denegatoria de la moción de nuevo juicio, para poder sostener con éxito una revisión de una resolución denegatoria de una enmienda a la solicitud de nuevo juicio, es necesario demostrar que el tribunal abusó del ejercicio de su facultad discrecional al denegar ese petitorio, o que se cometió una injusticia manifiesta al denegarla. First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901, 912 (1998); Delannoy v. Blondet, 22 D.P.R. 235, 243 (1915); Fajardo et al. v. Tió, 17 D.P.R. 338, 343 (1911); Silva v. Salamanca et al., 14 D.P.R. 543, 547 (1908).
IV
Establecida la normativa aplicable a las enmiendas a la moción de nuevo juicio basada en el descubrimiento de nueva prueba, procedemos a evaluar si en este caso el Tribunal de Primera Instancia abusó de su discreción al de-negar la petición de los recurridos para suplementar su solicitud de nuevo juicio.
El tracto procesal del caso refleja que el 22 de febrero de 2008, la UIPR presentó oportunamente una moción inicial de nuevo juicio. El fundamento esgrimido para tal solicitud *621 fue el hallazgo de nueva evidencia pertinente a hechos me-dulares del caso que no pudo ser descubierta durante el juicio. La evidencia encontrada alegadamente rebatía la determinación de hecho respecto a la falta de acreditación de la FAA del Programa de Sistemas Electrónicos de Avia-ción ofrecido por la UIPR. Los peticionarios, por su parte, se opusieron al referido petitorio mediante un escrito pre-sentado el 3 de marzo de 2008.
Luego de varios trámites procesales, entre ellos la pos-posición en dos ocasiones del señalamiento de la vista para atender la moción de nuevo juicio, el 8 de marzo de 2010, la UIPR presentó una solicitud para enmendar o suplemen-tar la petición inicial de nuevo juicio. Toda vez que ese requerimiento se interpuso después de notificada la oposi-ción a la solicitud original de nuevo juicio, la procedencia de la enmienda tenía que ser autorizada por el Tribunal de Primera Instancia.
En el ejercicio de su sana discreción, el foro primario declaró “No Ha Lugar” la enmienda solicitada por la UIPR. Entendemos que ante las circunstancias particulares de este caso, el Tribunal de Primera Instancia no incidió al denegar ese petitorio.
Según se desprende del expediente, la petición de en-mienda en controversia se presentó el 8 de marzo de 2010; esto es, apenas nueve días antes de la celebración de la vista para atender la solicitud original de nuevo juicio, la cual estaba señalada para el 17 de marzo siguiente. La Regla 48.3 de Procedimiento Civil de 1979, supra, le con-fiere un término de diez días a la parte contraria para so-meter declaraciones juradas en oposición a la solicitud de nuevo juicio.(20) Aplicado ese plazo, por analogía, a los casos en donde se presenta una enmienda a la moción de nuevo juicio, los peticionarios de epígrafe no tuvieron disponible *622 el referido periodo de diez días para oponerse a la solicitud para enmendar o suplementar la petición original me-diante la presentación de declaraciones juradas.
Así las cosas, el corto tiempo disponible entre la notifi-cación de la solicitud y la fecha de la vista coartó el derecho de los peticionarios a oponerse a ese petitorio. Aun cuando la referida Regla 48.3, supra, permite prorrogar el término para presentar las declaraciones juradas en oposición a un petitorio, en este caso particular una concesión a esos fines hubiese implicado la suspensión por tercera ocasión de la audiencia para discutir la solicitud inicial de nuevo juicio.
Opinamos que un nuevo señalamiento de la vista evi-denciaría es irrazonable e improcedente si consideramos que han transcurrido más de dos años desde la interposi-ción de la moción de un nuevo juicio sin que el tribunal haya dispuesto de ella. Una concesión a esos efectos iría en detrimento de la pronta adjudicación de la controversia, lo que —a su vez— socavaría el principio cardinal en la tra-mitación de los procesos judiciales de lograr una solución justa, rápida y económica de las controversias que se pre-sentan ante el tribunal. Gran Vista I v. Gutiérrez y otros, 170 D.P.R. 174, 180 (2007); Rivera y otros v. Bco. Popular, 152 D.P.R. 140, 153-154 (2000); Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563, 575 (1997).
Incluso, en el balance de intereses entre la pronta adju-dicación de la cuestión litigiosa y el deseo que las contro-versias se ventilen en sus méritos, en el presente caso este último interés cede a favor del primero. Según menciona-mos previamente, la UIPR tardó más de dos años en some-ter la solicitud de enmienda a la moción de nuevo juicio. A pesar de esta tardanza, la UIPR no acreditó en su petición justa causa para la demora. Sus alegaciones se centraron en la forma y las gestiones realizadas para encontrar la documentación presentada. A esos efectos, se limitó a ar-güir que durante la preparación para la vista a celebrarse el 17 de marzo de 2010 realizó un “esfuerzo adicional para *623 localizar documentos materiales y relevantes a la contro-versia adjudicada en la Sentencia”.(21) Esta aseveración no constituye una razón suficiente para justificar una dilación tan extensa, particularmente cuando la evidencia sometida fue hallada en los predios de la Escuela de Aviación y en las mismas “cajas de documentos ...en las cuales se encontra-ron las cartas que se sometieron con la moción de nuevo juicio”.(22)
En concreto, un análisis integral de todas las circuns-tancias mencionadas es suficiente para sostener la nega-tiva del foro primario de autorizar a la UIPR a enmendar o suplementar su solicitud de nuevo juicio. Evidentemente la petición se realizó en un momento irrazonablemente tardío. Para esa fecha, 8 de marzo de 2010, habían trans-currido más de dos años de interpuesta la moción original de nuevo juicio, la audiencia para atender el petitorio ha-bía sido pospuesta en dos ocasiones y apenas faltaban nueve días para la celebración de la vista evidenciaría correspondiente.
Además, el perjuicio indebido que la autorización de la enmienda podría ocasionarle a los peticionarios en vista de esta demora rebaza lo razonablemente permitido. Primera-mente, la capacidad de los peticionarios para recopilar evi-dencia, particularmente testifical, se puede ver mermada ante el paso de tanto tiempo. Esto los colocaría, en cierta forma, en estado de indefensión para rebatir la solicitud de la UIPR.
Por otro lado, no podemos perder de perspectiva que la posposición —por tercera ocasión— de la adjudicación de la solicitud de nuevo juicio tiene el efecto ulterior de seguir retrasando la finalidad de una sentencia beneficiosa para los peticionarios. Este perjuicio no debe ceder ante el inte-rés de la UIPR de que la enmienda se atienda en sus *624 méritos. La institución educativa aún cuenta con la moción original de nuevo juicio y los documentos que la acompa-ñan para defender su petición.
En conclusión, resolvemos que el Tribunal de Primera Instancia actuó en el marco de su discreción al denegar autorizar la enmienda a la moción de nuevo juicio. Si la UIPR pudo producir la evidencia sometida junto con la pe-tición original en los dos meses siguientes a la notificación de la sentencia, no encontramos razón alguna por la cual esa parte no hubiese podido realizar un “esfuerzo adicional para localizar [en las mismas cajas en donde encontraron las cartas sometidas en la moción original de nuevo juicio] documentos materiales y relevantes a la controversia ad-judicada en la Sentencia” en un plazo prudente y razona-ble, tal y como alegó en su solicitud de enmienda.
V
Por los fundamentos antes expuestos, expedimos el auto de “certiorari” solicitado y revocamos la Sentencia emitida por el Tribunal de Apelaciones. Devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

0 Los hechos procesales que originaron el recurso de epígrafe tuvieron lugar durante la vigencia de las Reglas de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), por lo que haremos referencia a ese cuerpo de reglas para disponer de la con-troversia que nos ocupa. No obstante, la Regla 48 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. Ill) no fue objeto de cambios significativos en las Reglas de Procedi-miento Civil de 2009 (32 L.P.R.A. Ap. V). Consecuentemente, la doctrina que pauta-mos a través de esta opinión es vinculante a la interpretación y aplicación de la Regla 48 de Procedimiento Civil de 2009, supra.

 En la demanda también se incluyeron como partes demandadas a las com-pañías aseguradoras X, Y, Z, ABC y Fulana de Tal. Esas partes nunca fueron emplazadas. Véase la Sentencia Enmendada de 26 de febrero de 2008, Apéndice de la Petición de certiorari, págs. 55-164.

 El 26 de febrero de 2008, el Tribunal de Primera Instancia emitió una “Sen-tencia Enmendada” a los únicos fines de modificar las determinaciones de hechos. Las conclusiones de derecho y el remedio concedido no sufrieron alteraciones sustanciales.

 Sentencia de 7 de diciembre de 2007, Hechos estipulados por las partes, inciso 13. Esta determinación de hecho se sostuvo en la sentencia enmendada. Apén-dice de la Petición de certiorari, pág. 59. Véase Sentencia Enmendada de 26 de febrero de 2008, Apéndice de la Petición de certiorari, págs. 55-164 y 59.

 El 21 de diciembre de 2007, la UIPR presentó una “Moción solicitando se enmienden las determinaciones de hechos y en solicitud de determinaciones de he-chos adicionales”, la cual tuvo el efecto de interrumpir el término para apelar el dictamen. En respuesta a este petitorio, el 26 de febrero de 2008 el Tribunal de Primera Instancia emitió una Sentencia Enmendada.

 Véase “Moción en solicitud de nuevo juicio conforme a la Regla 48.2 de las de Procedimiento Cjvil por descubrimiento de nueva evidencia o, en la alternativa, en solicitud de relevo de sentencia conforme la Regla 49.2 de las de Procedimiento Civil por el mismo fundamento”, Apéndice de la Petición de certiorari, págs. 165-200, 176-177 y 199-200.

 íd., págs. 165-166.

 El primer señalamiento de vista para el 20 de mayo de 2008 fue suspendido dada la interposición de un recurso de apelación ante el Tribunal de Apelaciones por parte de la Universidad Interamericana de Puerto Rico (UIPR). El foro apelativo intermedio desestimó el recurso en cuestión por prematuro; ello ante la pendencia de la moción de nuevo juicio ante el Tribunal de Primera Instancia. Así pues, el foro primario señaló la vista evidenciaría para el 4 de noviembre de 2009. Esta fue sus-pendida posteriormente por acuerdo de las partes dado que el abogado de la UIPR tenía un señalamiento previo para el mismo día.

 Moción suplementando moción solicitando nuevo juicio, 8 de marzo de 2010, Apéndice de la Petición de certiorari, págs. 254-262 y 254-255.

 Moción en oposición a que se considere la “Moción suplementando moción solicitando nuevo juicio”, Apéndice de la Petición de certiorari, págs. 738-741.

 El texto de la Regla 48.2 de Procedimiento Civil de 1979, supra, es similar a aquel incluido en la nueva Regla 48.2 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V). El único cambio es el aumento del término para presentar la moción de nuevo juicio, el cual se modificó de diez días a quince días. Véase el Informe de Reglas de Procedimiento Civil, marzo de 2008, Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial y Notarial. Consecuentemente, la norma pautada en esta opinión es igualmente aplicable a la interpretación de la Regla 48.2 de Procedimiento Civil de 2009, supra.

 Corresponde a la Regla 52.2(e)(3) de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V).

 La Regla 48 de Procedimiento Civil de 2009, supra, tampoco regula la en-mienda o solicitud para suplementar una moción de nuevo juicio.

 La Regla 59 de Procedimiento Civil Federal dispone, en lo pertinente:
“(a) In General:
(1) Grounds for New Trial.
The court may, on motion, grant a new trial on all or some of the issues —and to any party— as follows:
(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
(b) Time to File a Motion for a New Trial.
A motion for a new trial must be filed no later than 28 days after the entry of judgment.
(c) Time to Serve Affidavits.
When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.
(d) New Trial on the Court’s Initiative or for Reasons Not in the Motion.
No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party’s motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.” 28 U.S.C.A. R. 59.

 Véanse, también: Dotson v. Clark Equipment Co., 805 F.2d 1225 (5to Cir. 1986); Pogue v. International Industries, Inc., 524 F.2d 342 (6to Cir. 1975); Pruett v. Marshall, 283 F.2d 436 (5to Cir. 1960).

 Esta regla corresponde a la Regla 13.1 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V) cuyo texto tampoco varió sustancialmente en comparación con la regla de 1979.

 Véanse: Pate v. Seaboard R.R., Inc., 819 F.2d 1074 (limo Cir. 1987); Luengo v. Fernández, 83 D.P.R. 636 (1961); J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2000, T. II, pág. 779.

 Como referencia en la jurisdicción federal véase: Dotson v. Clark Equipment Co., supra, citando a Pruett v. Marshall, supra, pág. 440 (“This Circuit has adopted a more liberal rule. Here a trial court may in the exercise of its sound discretion allow a tardy amendment stating an additional ground for a new trial. The trial court is not, however, required to do so. Factors relevant to the court’s decision include the length of the delay and the reasons given”).

 Véase Regla 52.1 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V).

 La Regla 48.3 de Procedimiento Civil de 2009, supra, aumentó a quince días el término disponible para oponerse a una solicitud de un nuevo juicio. Este plazo es igualmente aplicable cuando se presente una solicitud para enmendar o suplementar una moción inicial de nuevo juicio.

 Moción suplementando moción solicitando nuevo juicio, 8 de marzo de 2010, Apéndice de la Petición de certiorari, págs. 254-262 y 255.

 íd.